Norman Lee PINGEL, Administrator of the Estates of Hope RaJean Pingel, Deceased, and Norman Charles Pingel, Deceased, and Norman Lee Pingel, Plaintiffs,

v.

COLEMAN COMPANY, Inc., Defendant.

Civ. No. 65–C–2002–C.

United States District Court

N. D. Iowa, C. D.

Oct. 13, 1965.

Gerald L. Shaffer and Robert L. Ulstad, Fort Dodge, Iowa, for plaintiff.

Alan Loth, Fort Dodge, Iowa, for defendant.

HANSON, District Judge.

This is a ruling on motions to quash service of process and to dismiss for lack of jurisdiction.

■ The court has jurisdiction of this cause. The defendant having the same citizenship as the plaintiffs has now been dismissed from the case. See Horn v. Lockhart, 17 Wall. 570, 84 U.S. 570, 579, 21 L.Ed. 657; Moore v. Coats Company, 3 Cir., 270 F.2d 410; International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561; Kerr v. Compagnie De Ultramar, 2 Cir., 250 F.2d 860; Weaver v. Marcus, 4 Cir., 165 F.2d 862. Although the court has some discretion in this matter, the cases hold it would have been abusive discretion to dismiss the entire cause under these circumstances.

Service on Coleman Company, Inc., was made by filing a copy with the Secretary of State of Iowa and mailing a copy to Coleman on January 29, 1965. The explosion, fire and deaths occurred on January 29, 1963. The trailer was purchased by the plaintiffs on July 6, 1959. The defendant Coleman has neither applied for permission to engage in business in Iowa, registered as a foreign corporation in Iowa, nor filed articles of incorporation.

Section 617.3 originally stated:

"If a foreign corporation makes a contract * * * or if such corporation commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by the foreign corporation for the purpose of service of process or original notice on such foreign corporation and shall be deemed to constitute the appointment by the foreign corporation of the secretary of the state of Iowa * * * to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings against the foreign corporation arising from or growing out of such contract or tort."

■ The original Section 617.3 became effective on July 4, 1961. On July 4, 1963, it was simultaneously repealed and re-enacted in substantially the same form together with some additions. This court concludes that on one or both of the following grounds the Iowa Court would find Section 617.3 became effective as to this cause of action on July 4, 1961. The first reason for that conclusion is that where a statute has been simultaneously repealed and re-enacted it is regarded as having been continuously in force from the date originally enacted. See 77 A.L.R.2d 341. The second ground is that when a service of process statute is in effect at the time the tort occurred so as to appoint the Secretary of State as an agent, it is not important that the statute was repealed prior to the actual service because the agency continues until the end of the purpose for which it was created. Waddell v. Mamat, 271 Wis. 176, 72 N.W.2d 763.

There is one line of cases which holds that the service of process statute may be used if it was in effect at the time the service was actually made. Ogdon v. Ginanakos, 415 Ill. 591, 114 N.E.2d 686 (Ill.); Steffen v. Little, 2 Wis.2d 350, 86 N.W.2d 622 (Wis.); Sawyer v. Taylor, 225 F.Supp. 555 (D.C.Colo.); Gray v. Armijo, 70 N.M. 245, 372 P.2d 821; Clews v. Stiles, 303 F.2d 290 (10th Cir.); Cedar Rapids Community School Dist., etc. v. R. F. Ball Construction Co., D.C., 237 F.Supp. 965. (If this line of cases is followed, the repeal and re-enactment becomes unimportant because this case was filed after July 4, 1963.)

The other line of cases requires that the service of process statute be in effect at the time the accident happened if the statute is to be used. The Iowa Court followed this line of cases in Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6. However, since that time, there is a strong indication that the Iowa Court will allow the statute to be used if it is in effect when actual service was made. See Hill v. Electronics Corporation of America, 253 Iowa 581, 113 N.W.2d 313, p. 318; Great Atlantic & P. Tea Co. v. Hill-

Dodge Banking Co., 255 Iowa 272, 122 N.W.2d 337 (Iowa). In the present case, it is not necessary to decide which of the two lines of cases the Iowa Court would follow. In Aftanse v. Economy Baler Co., 343 F.2d 187 (8th Cir.), the court said:

"As has already been noted, the baler was sold by Economy to Eastern in 1953. The statute was born in 1957. The plaintiff's injury was in 1962. The mere statement of this chronology should provide the answer to Economy's argument. Economy's negligence, if there was any, existed at the time of manufacture and sale in 1953. But any effect of that negligence upon the plaintiff took place in 1962. Certainly it was then, not before, that his cause of action accrued. And at that time the statute was in existence. This is not retroactive application. It is prospective application, is within the language of the statute, and invokes no problem of retroactivity."

The statute applies if it is in effect at the time of the accident. See also Great Atlantic & P. Tea Co. v. Hill-Dodge Banking Co., supra.

The court concludes that Section 617.3 is applicable to the present case and this construction does not require any invalid retroactive application of the statute. Clearly, the tort, if any, was committed in part in Iowa. See Andersen v. National Presto Industries, Inc., 135 N.W.2d 639 (Iowa).

 The defendant makes a due process argument only to say that due process forbids a retroactive interpretation. The statute is not here applied retroactively, but in any event, the fact that a statute applies to a civil action retroactively does not render it unconstitutional. Cohen v. Beneficial Loan Corp., 337 U.S. 541, 554; Chase Securities Corp. v. Donaldson, 325 U.S. 304; Steffen v. Little, supra, 86 N.W.2d p. 624.

The defendant raises no minimal contact issue as was raised in the *Aftanse* or *National Presto* cases. The defendant does not question the compliance with the provisions of Section 617.3 or the adequacy of the notice thereunder. The court expresses no opinion on those issues. The defendant has raised only the issues expressly discussed in this Memorandum.

While the defendant has not actually raised the issue, the court does note that the Iowa Court in the *National Presto* case was not concerned that some company other than the defendant was directly responsible for bringing the product into the State of Iowa.

Accordingly, it is hereby ordered that the motion to dismiss for lack of diversity of citizenship is overruled and the motion to quash service of process is overruled.