143 N.W.2d 86 (1966)
Harold J. TICE, as Executor of the Estate of Gertrude M. Tice, Deceased, Appellee,
v.
WILMINGTON CHEMICAL CORPORATION, Appellant, and
Joy & Johnson Auction Company, Leon E. Joy and Howard Johnson, Defendants.
No. 51910.
Supreme Court of Iowa.
June 14, 1966.
Frank W. Davis and Frank W. Davis, Jr., Des Moines, for appellant.
Carl A. Smedal and James A. Brewer, Ames, for appellee.
Supplemental Opinion.
RAWLINGS, Justice.
The opinion filed herein April 5, 1966, is hereby supplemented as follows:
Our prior opinion cited Flinn v. Western Mut. Life Ass'n, 187 Iowa 507, 510, 171 N.W. 711, as holding a defendant interposing a plea to the jurisdiction of the court has the burden to sustain that plea. The statement to this effect in the cited case is not approved.
We have held and now hold that when a defendant, by special appearance, makes a direct attack upon the jurisdiction of a court the burden is on plaintiff to sustain the requisite jurisdiction, but once a prima facie showing has been made by him the burden of going forward with the evidence is upon defendant to overcome or rebut, if possible, such prima facie case. Julson v. Julson, 255 Iowa 301, 303, 122 N. W.2d 329; Spencer Concrete Products Co. v. City of Spencer, 254 Iowa 87, 90, 116 N. W.2d 455; Hill v. Electronics Corp. of America, 253 Iowa 581, 590, 113 N.W.2d 313; Gibbs v. Farmers' & Merchants' State Bank, 123 Iowa 736, 741-742, 99 N.W. 703; 31A C.J.S. Evidence § 110, page 184; 72 *87 C.J.S. Process § 112c, page 1164; and 20 Am.Jur., Evidence, section 133, page 136.
For clarity, the fourth and final paragraphs of Division V. of our original opinion is stricken and in lieu thereof we state as follows: This then leads us to conclude the trial court found plaintiff, aided by the presumption of constitutionality which attends all legislative enactments, made his prima facie case and sustained his burden of proof which was not overcome or rebutted by defendant's showing. We agree.
Upon the filing of this supplemental opinion defendant's petition for rehearing is denied.
Affirmed and remanded.
All Justices concur, except THORNTON, J., not sitting.