Raymond L. SNAKENBURG, Appellant,

v.

JASON MFG., INC., and Hackensack Cable Corporation, Appellees.

No. 52872.

Supreme Court of Iowa.

March 5, 1968.

Barnes & Schlegel, Ottumwa, for appellant.

Sifford, Wadden & Davis, Sioux City, for appellees.

LeGRAND, Justice.

This appeal from a ruling of the trial court sustaining the special appearance of defendant Hackensack Cable Corporation, a New Jersey corporation, requires another review of our long arm statute, section 617.3, Code, 1966. Defendant Jason Mfg., Inc., is not a party to this appeal.

This section, which became effective July 4, 1963, provides generally for a method of acquiring jurisdiction over nonresidents who commit a tort, either in whole or in part, within this state. We must decide if this provision is procedural only or if it affects substantive rights, and, dependent upon that answer, whether the statute may be applied retrospectively or is limited to prospective application. The trial court held its application is prospective only.

The facts are very brief and, of course, in an appeal from a ruling on a special appearance we take the facts as plead to be true. In support of its special appearance, defendant filed certain affidavits which were not controverted, and we consider as true also the facts set out in such affidavits. Tice v. Wilmington Chemical Corporation, 259 Iowa 27, 141 N.W.2d 616.

In 1962 defendant manufactured and sold one of its cables to Jason Mfg., Inc. Later this cable was installed in a truck which was ultimately purchased by Brown Transfer Company of LaPorte City, Iowa. The cable was part of the machinery by which a portable platform within the truck could be raised or lowered to a desired height. On May 22, 1965, the plaintiff, while an employee of Brown Transfer Company, was injured under circumstances which he claims resulted from the negligent manufacture of the cable. On July 4, 1963, between the date of the alleged 1962 negligence and the 1965 injury, section 617.3 became effective.

Section 617.3 has had a brief but stormy career. We have had occasion to consider it in Andersen v. National Presto Industries, Inc., 257 Iowa 911, 135 N.W.2d 639; Tice v. Wilmington Chemical Corporation, 259 Iowa 27, 141 N.W.2d 616; Krueger v. Rheem Mfg. Co., Iowa, 149 N.W.2d 142 and Chrischilles v. Griswold, Iowa, 150 N.W.2d 94. The parties contend these decisions are not entirely harmonious. The trial court, too, found them irreconcilable and used the Chrischilles case as authority for its ruling here.

It should be noted the Andersen case, decided in 1965, did not involve either the procedural-substantive problem or prospective-retrospective application. There we simply held that if injury or damage occurs in this state, our courts may obtain jurisdiction over a defendant under the long arm statute. At page 641 of 135 N.W.2d we said, "We must assume that the legislature, in wording section 617.3 as it has now done, had in mind an actionable tort, rather than an act which by itself, without resulting injury, would not give a basis for recovery." Or to put it another way,

the occurrence of injury within this state, without more, is sufficient happening of a tort "in part" to bring the defendant within the operation of the statute.

In the later Tice case, upon which plaintiff strongly relies, we held section 617.3 was procedural only. At page 625 of 141 N.W.2d of that opinion we said, "It is to us evident Code section 617.3 does nothing more than provide a plaintiff claiming some right of action in contract or in tort with an *Iowa forum* for enforcement of an *existing substantive right.*" (Emphasis added.) In the Tice case, as in the one now before us, the negligence occurred before, and the damage after, the enactment of section 617.3.

While identical on the factual situation, Tice is nevertheless of little help to plaintiff because in both Krueger and Chrischilles we abandoned the theory of that decision and adopted instead the consent concept of jurisdiction under section 617.3. At page 626 of Tice we said, "Jurisdiction over the person is acquired by service of process upon a defendant or by his consent * * * Since consent is admittedly nonexistent in the case now before us, our question is whether jurisdiction was acquired by requisite process."

But in Krueger we decided our statute *was* dependent on consent for its extraterritorial effect. At page 147 of 149 N.W.2d we used this language, "We must look to the statute which the legislature has seen fit to enact. It chose to adopt a substituted service statute. Its theory of due process is clearly based on the fiction of implied consent and goes further than most in providing 'the committing of a tort shall be deemed to be the agreement of such corporation * * * that any process or original notice so served (substituted service on the secretary of state) shall be of the same legal force and effect as if served personally upon the defendant within the state of Iowa.' "

As pointed out in Krueger, a long arm statute may be either procedural or substantive, depending upon the intent of the legislature in the enactment of such a law. We said that invariably where jurisdiction is based upon substituted service, as in our Act, it has been held such laws are substantive; and, conversely, when service may be made by registered mail or by personal service outside the state, they have been held to be procedural. Following this general rule, we held section 617.3 to be substantive; to be based on implied consent to the appointment of the secretary of state as agent for the service of original notice; and to be limited to prospective application. The fact that *both* the negligence and the injury in Krueger occurred prior to the effective date of section 617.3 might be urged against its use as authority here were it not for the Chrischilles opinion handed down shortly after Krueger. In Chrischilles—as in both Tice and the case now before us—the alleged negligence occurred before July 4, 1963, and the injury or damage occurred after that date.

In Chrischilles we again approved the consent theory first announced in Krueger and then declared such consent must be implied from and based upon affirmative acts of negligence, not on injury or damage which might later result therefrom.

At page 101 of 150 N.W.2d of the Chrischilles opinion appears this statement, "Based on our holding in Krueger v. Rheem Manufacturing Company, supra, construing section 617.3 to operate prospectively only and classifying this section as a consent statute, plaintiff is not aided by the fact his action accrued subsequent to the enactment of this section. Here all affirmative acts of negligence on defendant's part occurred in the fall of 1960. Defendant cannot be deemed to have consented to the appointment of the secretary of state to be his true and lawful attorney upon whom may be served an original notice by an act done prior to enactment of the

statute. To hold the trial court had jurisdiction of defendant in this case would require retroactive application."

This conclusion, it is true, was reached by a sharply divided court. However, unless we overrule both Krueger and Chrischilles, we are obliged to hold the consent required, fictional though it be, is related to the act of negligence, not to its consequences.

To hold defendant impliedly consented to become subject to the jurisdiction of our courts because of alleged negligent conduct which occurred long before the law upon which such presumption is based would indeed require retrospective application of section 617.3.

We are convinced this result is prohibited under our most recent cases interpreting this statute and we are convinced too those decisions announce the better rule.

The ruling of the trial court is affirmed.

Affirmed.

GARFIELD, C. J., and LARSON, SNELL, MOORE and MASON, JJ., concur.

STUART, J., dissents.

RAWLINGS and BECKER, JJ., dissent.

STUART, Justice (dissenting).

I agree this case is controlled by Chrischilles v. Griswold, Iowa, 150 N.W.2d 94, 101, but take issue with the majority here for the reasons expressed in the dissent.

The majority's position is based on the premise that defendant's consent to jurisdiction must be implied from some negligent act on his part and that jurisdiction cannot be obtained under a statute enacted after the negligent acts had occurred. This would have been true when the Supreme Court of the United States held the fiction of consent necessary to confer jurisdiction. In McGee v. International Life Ins. Co., 335 U.S. 220, 224, 78 S.Ct. 199, 201–202, 2 L.Ed.2d 223, the U. S. Supreme Court abandoned the contract theory. Consent may be raised by statutory enactment and need not be implied in fact to make it constitutionally acceptable.

In section 617.3 the legislature provided consent was implied from the commission of a tort in whole or in part in Iowa. The resulting injury is part of the tort. Andersen v. National Presto Industries, Inc., 257 Iowa 911, 916, 135 N.W.2d 639, 642. As that part of the tort took place after the effective date of the statute there is no question of retrospective application. Nothing in the statute makes the consent dependent upon the negligent act as distinguished from the resulting injury.

Support for this position is found in Aftanase v. Economy Baler Company, 343 F.2d 187, in which the Court of Appeals of the Eighth Circuit considered a Minnesota statute similar to ours. The court said:

" * * * the baler was sold by Economy to Eastern in 1953. The statute was born in 1957. The plaintiff's injury was in 1962. * * * Economy's negligence, if there was any, existed at the time of manufacture and sale in 1953. But any effect of that negligence upon the plaintiff took place in 1962. Certainly it was then, not before, that his cause of action accrued. And at that time the statute was in existence. This is not retroactive application. It is prospective application, is within the language of the statute, and invokes no problem of retroactivity."

The United States District Court for the Northern District of Iowa reached the same result under Iowa law in Pingel v. Coleman Company, 250 F.Supp. 521, 523. There a trailer was purchased in 1959. Section 617.3 became effective in 1961 and an explosion, fire and resulting deaths occurred in 1963. Judge Hanson quoted

from Aftanase v. Economy Baler Company and concluded: "The statute applies if it is in effect at the time of the accident. * * *

"The court concludes that Section 617.3 is applicable to the present case and this construction does not require any invalid retroactive application of the statute. Clearly, the tort, if any, was committed in part in Iowa."

The majority opinion unnecessarily imposes upon plaintiff the heavy burden of proving some affirmative act by defendant after the effective date of the act. In my opinion such burden was neither contemplated by the legislature nor required by the statute.