**Merna BISHOP, Executor of the Estate of Stanley Bishop, Deceased, Plaintiff,**

v.

**EMERSON ELECTRIC CO. et al., Defendants.**

**Merna Bishop VAN WAARDHUIZEN, Plaintiff,**

v.

**EMERSON ELECTRIC CO. et al., Defendants.**

Civ. Nos. 7–2011–C–1, 7–2032–C–1.

United States District Court
S. D. Iowa, C. D.

April 5, 1968.

Donald W. Baird, Des Moines, Iowa, for plaintiff.

Paul Ahlers, Des Moines, Iowa, for defendant, Emerson Electric Co.

Terrence A. Hopkins, Des Moines, Iowa, for defendant International Telephone and Telegraph Corp.

Sam C. Oliver, Tulsa, Okl., and E. Raymond Mick, Knoxville, Iowa, for defendant, Skelly Oil Co.

John A. McClintock, Des Moines, Iowa, for defendant, Edwards Engineering Corp.

## ORDER

STEPHENSON, Chief Judge.

This matter is now before the Court on the motion of defendant International Telephone and Telegraph Company under Federal Rule of Civil Procedure 12(d) to hear and determine prior to trial the jurisdictional question raised as a First Defense in defendant's answer. In its first defense defendant International Telephone and Telegraph Company claims this Court lacks jurisdiction over said defendant, a foreign corporation, for the reason that all acts of said defendant alleged to constitute negligence and a breach of warranty took place prior to July 4, 1963, the date § 617.3, Iowa Code (1966) under which plaintiff sought to obtain jurisdiction, became effective. Oral hearing was held on March 15, 1968 with both parties being represented by counsel and affidavits have been filed in behalf of both parties.

This motion actually involves two cases, Civil Nos. 7–2011–C–1 and 7–2032–C–1, identical in every way except one is a suit in behalf of the estate of the deceased and the other is in behalf of the wife of the deceased. Therefore, for the purpose of this motion, the two will be considered together.

The complaints, as to this defendant, allege that it manufactured a pilot safety relay which was incorporated in a shut off valve by defendant Emerson Electric Company. It is further alleged

that this shut off valve was then incorporated into a heating unit manufactured by defendant Edwards Engineering Corporation that was installed on the premises of plaintiff's decedent in Swan, Marion County, Iowa. It is claimed by plaintiff that defendant International Telephone and Telegraph Company negligently and defectively manufactured said pilot safety relay.

The affidavits and oral arguments of the parties establish without dispute that defendant International Telephone and Telegraph Company manufactured said pilot safety relay in the month of October, 1962. The completed heating unit which included said pilot safety relay was installed on the premises of plaintiff's decedent in the fall of 1963, and the explosion causing the death of plaintiff's decedent occurred on August 3, 1965. On the basis of these facts, defendant International Telephone and Telegraph Company claims that § 617.3 cannot be utilized to gain personal jurisdiction over this defendant.

■■ It is well established that the applicability of "Long Arm" statutes such as § 617.3 to a particular case is a question of state law. Jennings v. McCall Corp., 320 F.2d 64 (8th Cir. 1964); Simpkins v. Council Mfg. Corp., 332 F.2d 733 (8th Cir. 1964). Earlier this Court might very well have held that § 617.3 could be appropriately applied in a case such as this. See Pingel v. Coleman Co., 250 F.Supp. 521 (N.D.Iowa 1965). The most recent decisions of the Iowa Supreme Court, however, preclude the use of § 617.3 to gain jurisdiction of a party where the affirmative acts of negligence relied upon by the plaintiff occurred before the effective date of the statute, July 4, 1963. Snakenburg v. Jason Mfg., Inc., 157 N.W.2d 110 (Iowa 1968); Chrischilles v. Griswold, 150 N.W.2d 94 (Iowa 1967). It has been the holding of the Iowa Supreme Court that § 617.3 can only be applied prospectively, and, relying on the fictional concept of implied consent, that one cannot be held to

have consented to jurisdiction based on substituted service where the acts relied for such implied consent occurred before July 4, 1963. Snakenburg v. Jason Mfg., Inc., supra; Chrischilles v. Griswold, supra.

In Snakenburg v. Jason Mfg., Inc., the facts were similar to those in the case now before the Court. In *Snakenburg* the defendant manufactured a cable in 1962 which was sold to another company and installed by that company on a truck. The truck was ultimately sold to plaintiff's employer. On May 22, 1965, the plaintiff was injured under circumstances which he claimed resulted from the negligent manufacture of the cable. The Iowa court noted there, as in this case, that "On July 4, 1963, between the date of the alleged 1962 negligence and the 1965 injury, section 617.3 became effective." It was the conclusion of the Iowa Court in *Snakenburg* that the consent required for the application of § 617.3, fictional though it be, must be related to the act of negligence, not to its consequences. Where all affirmative acts of negligence occurred before the effective date of the "Long Arm" statute, it cannot be utilized to gain jurisdiction of a foreign corporation. On this ground the Iowa Supreme Court affirmed the sustaining of defendant's special appearance by the trial court in *Snakenburg*.

■ Since all the alleged affirmative acts of negligence by defendant International Telephone and Telegraph Company occurred in 1962, this Court must conclude under the *Snakenburg* case that it lacks jurisdiction of said defendant. Under the interpretation given § 617.3 by the Iowa Supreme Court the defendant cannot be deemed to have consented to the appointment of the secretary of state to be his true and lawful attorney upon whom may be served an original notice by an act done prior to the enactment of the statute. To hold otherwise would require retroactive application of the statute.

Plaintiff relies quite heavily on Pingel v. Coleman Co., supra. The dissent by Justice Stuart in Snakenburg v. Jason Mfg. Co., likewise cites *Pingel* as authority for a position contra to that of the majority of the Iowa Supreme Court. Suffice it to say that the majority was aware of the *Pingel* case and apparently was not swayed by it.

It is ordered that the motion of defendant International Telephone and Telegraph Company to dismiss for lack of jurisdiction should be and is hereby granted.