**Kelly SCHNEBLY, a Minor by Orvin H. Schnebly and Wanda Schnebly, Natural Guardians and Next Friends, Orvin H. Schnebly and Wanda Schnebly, Individually, Plaintiffs,**

**v.**

**ST. JOSEPH MERCY HOSPITAL OF DUBUQUE, IOWA, an Iowa Corporation, George T. Joyce, Paul H. Potter and John M. Baker, Defendants.**

**George T. JOYCE and Paul H. Potter, Defendants-Appellants,**

**v.**

**John M. BAKER and T. J. Irish, Jr., Defendants on Cross-Petition,**

**T. J. Irish, Jr., Defendant on Cross-Petition-Appellee.**

**No. 53151.**

Supreme Court of Iowa.

April 8, 1969.

Brown, Dresser & Kinsey, Mason City, for defendants-appellants.

Westfall, Laird, Burington, Bovard & Heiny, Mason City, for defendant on cross-petition-appellee.

MOORE, Justice.

This is an appeal from the trial court's order sustaining the special appearance of Dr. T. J. Irish, Jr., defendant to the cross-petition of Drs. George Joyce and John Baker. For brevity and clarity we shall refer to Dr. Irish as appellee and to cross-petitioners as appellants.

The facts essential to a proper disposition of this appeal are that plaintiffs filed an amended and substituted petition on July 19, 1967, alleging appellants, among others, were guilty of negligence in rendering certain medical services to Kelly Schnebly in June, 1964. On January 15, 1968 appellants cross-petitioned appellee seeking contribution and indemnification in the event they should be found negligent and liable to plaintiffs. Appellee, who had been living in Denver, Colorado since May, 1966, appeared specially challenging the jurisdiction of the court. His special appearance was sustained and this appeal followed.

The sole issue presented is whether chapter 429, section 1, Acts of the 61st General Assembly, amending Code section 617.3 and taking effect July 4, 1965, confers jurisdiction over a former resident of this state who allegedly committed a tort in June, 1964 and in May, 1966 removed himself to Denver, Colorado prior to commencement of the action. Section 617.3 is commonly referred to as the "long arm" statute.

I. The second paragraph of section 617.3, Code, 1962, was repealed by the 60th General Assembly, and in lieu thereof, chapter 325, section 1, was enacted effective July 4, 1963. It provided in part: "If a nonresident person * * * commits a tort in whole or in part in Iowa against a resident of Iowa, such act shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person under this Act, and shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be the true and lawful attorney of such person upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such * * * tort. The * * * committing of the tort shall be deemed to be the agreement of * * * such person that any process or original notice so served shall be of the same legal force and effect as if served personally upon such defendant within the State of Iowa. * * *

"Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state, * * * and mailing to the defendant * * *, by registered or certified mail, a notification of said filing with the secretary of state, * * *."

The provision was further amended by the 61st General Assembly, chapter 429, section 1, effective July 4, 1965, which provides in material part: "The term 'nonresident person' shall include any person who was, at the time of the tort, a resident of the state of Iowa but who removed from

the state before the commencement of such action or proceedings and ceased to be a resident of Iowa or a resident who has remained continuously absent from the state, for at least a period of six months following commission of the tort."

The trial court held appellants' compliance with section 617.3 as amended by chapter 325 was insufficient to obtain jurisdiction over appellee as that statute at the time of the alleged tort did not purport to apply to a resident tortfeasor who thereafter became a nonresident prior to the commencement of the action.

The court's holding was necessitated by its further determination chapter 429 was inapplicable to appellee as his alleged tortious conduct occurred prior to the provision's effective date, July 4, 1965. The court found that provision affected substantive rights and could not be applied retroactively.

In Fagan v. Fletcher, 257 Iowa 449, 133 N.W.2d 116, we held section 617.3 as amended by chapter 325 was not sufficiently broad to enable an injured plaintiff to acquire jurisdiction over a former resident who had departed the state prior to the commencement of the action. Apparently in an attempt to avoid such a result the 61st General Assembly enacted chapter 429 which clearly expresses an intent to avert a similar result in the future.

Section 617.3, as it presently appears in the Code, would clearly dictate a result in appellants' favor were it not for the fact appellee's alleged negligence occurred prior to the enactment of chapter 429. This factor leads us to a consideration of some general rules and a re-examination of our earlier cases wherein we have considered the substantive-procedural dichotomy attendant upon any discussion of whether a statute is to be applied retrospectively or prospectively only.

The question whether a statute operates retrospectively or prospectively is one of legislative intent. Davis v. Jones,

247 Iowa 1031, 1034, 78 N.W.2d 6, 7; Schultz v. Gosselink, Iowa, 148 N.W.2d 434, 435; 50 Am.Jur., Statutes, section 478. In determining such intent it is a general rule all statutes are to be construed as having a prospective operation only unless the purpose and intent of the legislature to give it retroactive effect is clearly expressed in the act or necessarily implied therefrom. The rule is subject to an exception where the statute relates solely to remedies or procedure. If a statute relates to a substantive right, it ordinarily applies prospectively only. If it relates to remedy or procedure, it ordinarily applies both prospectively and retroactively. Schultz v. Gosselink, supra; Krueger v. Rheem Manufacturing Company, Iowa, 149 N.W.2d 142, 144; 82 C.J.S. Statutes, §§ 414, 417, 421; 50 Am.Jur., Statutes, sections 478, 482.

Appellants assert section 617.3 as amended by chapter 429 affects only procedural or remedial rights. Appellee argues it affects substantive rights. They cite many authorities in support of their respective positions. The apparent conflict between the cases involving "long arm" statutes is discussed in detail in Krueger v. Rheem Manufacturing Company, Iowa, 149 N.W.2d 142. We therein cite and compare the holdings of courts of many other jurisdictions and conclude "long arm" statutes which provide service outside the state or by registered or certified mail have generally been held to be remedial only but that such statutes which provide for substituted service have almost invariably been held to affect substantive rights and to operate prospectively only. In Chrischilles v. Griswold, Iowa, 150 N.W.2d 94, we cite and again review many of the authorities from other jurisdictions and hold, as we did in Krueger, that section 617.3 operates prospectively only. Another such review would unduly lengthen this opinion. For a recent collection of the cases see annotation 19 A.L.R.3d 138, entitled "Nonresidents-Retrospective Statute."

In Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6, plaintiff brought action on

March 18, 1955 under our nonresident motor vehicle statute for injury sustained in an automobile accident which occurred in March 1953. Defendant, an Iowa resident at the time of the accident, had moved outside Iowa prior to the commencement of the action. On July 4, 1953 an amendment to subsection 4 of Code section 321.498 became effective. It read: "The term 'nonresident' shall include any person who was, at the time of the accident or the event, a resident of the State of Iowa but who removed from the state before the commencement of such action or proceedings." This section is almost identical to chapter 429 now under consideration. In Davis v. Jones we held the amendment could not be applied retroactively and defendant's special appearance should have been sustained by the trial court. Our holding is supported by Welsh v. Ruopp, 228 Iowa 70, 289 N.W. 760.

We are unable to agree with appellants' contention Davis v. Jones should be overruled. We have continued to follow the implied consent theory.

In three recent appeals we have specifically considered whether section 617.3, as amended by chapter 325, could be applied retroactively. In each we affirmed the trial court's sustaining of defendant's special appearance and held section 617.3 applied prospectively only.

In Krueger v. Rheem Manufacturing Company, Iowa, 149 N.W.2d 142, 147, we said: "We must look to the statute which the legislature has seen fit to enact. It chose to adopt a substituted service statute. Its theory of due process is clearly based on the fiction of implied consent and goes further than most in providing 'the committing of a tort shall be deemed to be the agreement of such corporation * * * that any process or original notice so served (substituted service on the secretary of state) shall be of the same legal force and effect as if served personally upon such defendant within the state of Iowa.'

"The wording of portions of section 617.3 is so similar to the wording of the nonresident motorist statute section 321.498 that it is fair to assume it was used as a reference, if not a model, when section 617.3 was drafted. At that time we had already decided Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6, in which we held an amendment enlarging the definition of a nonresident to include a resident who moved from the state following an accident to be prospective only. We said: 'It is apparent the statute prior to the amendment herein discussed was based on the implied consent or agreement of an out of state motorist to name an official of this state upon whom notice could be served. No such consent was given or could have been given at the time of the accident because the defendant was not then in the class to which the statute was applicable. Hence he should not be deemed to have had such agreement.' This reasoning is in accord with that expressed in cases involving similar statutes."

In Chrischilles v. Griswold, supra, Iowa, 150 N.W.2d 94, we again had the same issue and reaffirmed our earlier position that section 617.3, as amended by chapter 325, could not be retroactively applied.

In Snakenburg v. Jason Mfg., Inc., Iowa, 157 N.W.2d 110, 112, 113, we said: "At page 101 of 150 N.W.2d of the Chrischilles opinion appears this statement, 'Based on our holding in Krueger v. Rheem Manufacturing Company, supra, construing section 617.3 to operate prospectively only and classifying this section as a consent statute, plaintiff is not aided by the fact his action accrued subsequent to the enactment of this section. Here all affirmative acts of negligence on defendant's part occurred in the fall of 1960. Defendant cannot be deemed to have consented to the appointment of the secretary of state to be his true and lawful attorney upon whom may be served an original notice by an act done prior to enactment of the statute. To hold the trial court had jurisdiction of defendant in this case would require retroactive application.'

"This conclusion, it is true, was reached by a sharply divided court. However, unless we overrule both Krueger and Chrischilles, we are obliged to hold the consent required, fictional though it be, is related to the act of negligence, not to its consequences.

"To hold defendant impliedly consented to become subject to the jurisdiction of our courts because of alleged negligent conduct which occurred long before the law upon which such presumption is based would indeed require retrospective application of section 617.3.

"We are convinced this result is prohibited under our most recent cases interpreting this statute and we are convinced too those decisions announce the better rule."

These three cases dealt with persons or corporations admittedly nonresidents at the time of the alleged tort, whereas appellee was an Iowa resident when the alleged tort was committed. The facts here are like those in Davis v. Jones, supra. The rationale of our earlier cases is based on our statute. It provides for substituted service which the cases hold makes applicable the implied consent theory. As such it is not to be applied retroactively.

 We have carefully read and considered the cases cited by appellants in support of their position but are not persuaded they represent the rule in the jurisdictions where the implied consent theory is followed.

 II. Appellants contend if section 617.3, as amended by chapter 429, is construed to operate prospectively only appellee's special appearance still should have been overruled. Their theory is that the incident giving rise to the conferral of jurisdiction under section 617.3 over a former resident is the act of removal from this state. They argue, as appellee did not absent himself from this state until after the effective date of chapter 429, its application would not amount to retroactive operation.

Such a theory is contrary to the clearly expressed language of the statute and is wholly unsupported by our cases which have held the fictional consent necessary to jurisdiction under the statute is related to the affirmative acts of negligence giving rise to the cause of action.

In Division I, supra, we have set out the material portions of chapters 325 and 429 which now comprise section 617.3. We find no language in the statute which supports appellants' theory. The language of the statute is clearly demonstrative of a legislative intent to predicate its operation on the commission of a tort, in whole or in part, in Iowa, not on the removal of the tortfeasor from this state. Our recent three cases discussed, supra, all recognize the legislative intent as such.

III. Appellants also say that as their cause of action for contribution or indemnity against appellee did not arise until July 19, 1967 when plaintiffs made them defendants, that "it is of no consequence and no import as to whether or not Chapter 325 and Chapter 429 operate either retrospectively or prospectively." In other words, as they could not have cross-petitioned appellee for contribution until July 19, 1967, approximately two years after the effective date of chapter 429, they argue their use of section 617.3 to obtain jurisdiction over appellee does not amount to retroactive operation of the statute.

 Assuming, arguendo, appellants' cause of action did not arise until July 19, 1967, this fact is not enough to place them in the class of persons entitled to obtain jurisdiction over appellee through the operation of section 617.3. We have consistently held the crucial time in this area is the moment of the act or acts of negligence.

In Chrischilles v. Griswold, supra, at page 101, 150 N.W.2d, we said: "Based on our holding in Krueger v. Rheem Manufacturing Company, supra, construing section 617.3 to operate prospectively only and classifying this section as a consent statute, plaintiff is not aided by the fact his action

accrued subsequent to enactment of this section. Here all affirmative acts of negligence on defendant's part occurred in the fall of 1960. Defendant cannot be deemed to have consented to the appointment of the secretary of state to be his true and lawful attorney upon whom may be served an original notice by an act done prior to enactment of the statute. To hold the trial court had jurisdiction of defendant in this case would require retroactive application."

The order of the trial court was correct.

Affirmed.

All Justices concur except RAWLINGS and BECKER, JJ., who dissent.

MASON, J., takes no part.

RAWLINGS, Justice (dissenting).

I respectfully dissent. In support hereof see dissent in Krueger v. Rheem Manufacturing Company, Iowa, 149 N.W.2d 142, 148.

BECKER, J., joins in this dissent.