**STATE of Iowa ex rel. Richard C. TURNER, Attorney General, Appellee,**

**v.**

**MIDWEST DEVELOPMENT CORPORATION et al., Appellees,**

**Herbert Oliver Johnson, Appellant.**

**No. 55629.**

Supreme Court of Iowa.

Sept. 19, 1973.

Shuttleworth & Ingersoll, Cedar Rapids, for appellant.

Julian B. Garrett, Asst. Atty. Gen., for appellee Richard C. Turner, Atty. Gen.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves the question of whether an amendment to our long arm statute is retrospective.

The Attorney General brought this civil action alleging that torts were committed in connection with sales of cemetery lots. One defendant, Herbert Oliver Johnson, was served under an amendment to our long arm statute, Code 1973, § 617.3. Johnson specially appeared, contending that the amendment, enacted after the torts were allegedly committed, is not retrospective. The trial court overruled the special appearance, and we permitted Johnson to take this interlocutory appeal.

 The controlling dates are these. First, Johnson, then an Iowa resident, committed the last tort on June 25, 1963, according to the Attorney General's allegations; second, as of July 1, 1965, the General Assembly amended the long arm statute to cover a resident tortfeasor who subsequently becomes a nonresident; third, June 1, 1969, Johnson moved from Iowa and became a resident of Illinois; and fourth, the Attorney General, proceeding under the long arm statute, served Johnson with original notice in this action on February 9, 1972. (The long arm statute was amended in 1963 also, but we need not consider that amendment.)

The validity of the Attorney General's notice in 1972 depends on whether the 1965 amendment applies to a tort allegedly committed in 1963. This court has held that our consent-type long arm statute is not retrospective. Krueger v. Rheem Mfg. Co., 260 Iowa 678, 149 N.W.2d 142. This is true specifically as to resident defendants who become nonresidents—the subject of the 1965 amendment. Schnebly v. St. Joseph Mercy Hosp., 166 N.W.2d 780 (Iowa). See also Snakenburg v. Jason Mfg. Co., 261 Iowa 1083, 157 N.W.2d 110; Chrischilles v. Griswold, 260 Iowa 453, 150 N.W.2d 94; Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6. We adhere to these previous decisions. Our view accords with the rule prevailing generally under consent-type long arm statutes. Annot., 19 A.L.R.3d 138.

 Section 614.4 of the Code, relating to actions grounded on fraud, mistake, or trespass, is of no aid to the Attorney General in view of what was said in Marshfield Homes, Inc. v. Eichmeier, 176 N.W. 2d 850, 853 (Iowa) ("the act out of which the cause of action arises must occur after the effective date of the act regardless of the type of action instituted").

Johnson's special appearance should have been sustained.

Reversed.

All Justices concur except RAWLINGS, J., who concurs specially.

RAWLINGS, Justice (concurring specially).

I still adhere to the dissenting views expressed in Krueger v. Rheem Mfg. Co., 260 Iowa 678, 688–689, 149 N.W.2d 142 (1967); Chrischilles v. Griswold, 260 Iowa 453, 463–465, 150 N.W.2d 94 (1967); Snakenburg v. Jason Mfg., Inc., 261 Iowa 1083, 157 N.W.2d 110, 113–114 (1968); Schnebly v. St. Joseph Mercy Hosp. of Dubuque, Iowa, 166 N.W.2d 780, 785 (Iowa 1969). See also Annot., 19 A.L.R.3d 138, 159–161.

It must be conceded, however, the instant majority opinion does express presently well-established principles of law in this jurisdiction. Under these circumstances I respectfully concur.