**Gregg Allen HOUSE, Appellant,**

v.

**HENDLEY & WHITTEMORE COMPANY et al., Appellees.**

No. 2–58416.

Supreme Court of Iowa.

March 16, 1977.

Williams, Hart, Lavorato & Kirtley by Louis A. Lavorato, George A. LaMarca and David S. Wiggins, Des Moines, for appellant.

Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellees.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves a question of the retrospectivity of our long-arm statute, § 617.3, Code 1975. We will speak of Hendley & Whittemore Company and Hendley-Beloit Corporation collectively as Hendley; Hendley-Beloit is the successor to Hendley & Whittemore and assumed its liabilities. Hendley is a foreign corporation without an appointed agent to receive service of process in Iowa.

Hendley manufactured a machine outside of Iowa in 1954, sold it to The Cretex Companies, Inc., of Ames, Iowa, in 1959, and had no further involvement with it thereafter. As of July 4, 1963, the Iowa long-arm statute involved here became effective. 60 G.A. ch. 325, § 1. On October 19, 1972, plaintiff Gregg Allen House, an employee of a subsidiary of Cretex, sustained injuries when he became entangled in the rollers of the machine. Subsequently House sued Hendley and others in Iowa District Court. As to Hendley, House alleged negligence, breach of warranty, and strict liability, based on Hendley's alleged affirmative acts and failures to act. The latter were Hendley's alleged failures to warn, to recall, and to fulfill an assumed duty. See *Braniff Airways, Inc. v. Curtiss-Wright Corp.,* 411 F.2d 451 (2d Cir.); *Noel v. United Aircraft Corp.,* 342 F.2d 232 (3d Cir.); *Boains v. Lasar Mfg. Co., Inc.,* 330 F.Supp. 1134 (D.Conn.); *Tyler v. R. R. Street & Co.,* 322 F.Supp. 541 (E.D.Va.). House served notice on Hendley under the long-arm statute.

Hendley challenged the jurisdiction of the district court by special appearances on the ground among others that Hendley committed its affirmative acts respecting the machine before the long-arm statute became effective; that the statute is not retrospective; and that the district court therefore did not have jurisdiction. The district court sustained the special appearances on that ground, and House appealed.

■ Our long-arm statute does not apply retrospectively. *Krueger v. Rheem Mfg. Co.,* 260 Iowa 678, 149 N.W.2d 142; *Chrischilles v. Griswold,* 260 Iowa 453, 150 N.W.2d 94; *Snakenburg v. Jason Mfg., Inc.,* 261 Iowa 1083, 157 N.W.2d 110; *Schnebly v. St. Joseph Mercy Hosp.,* 166 N.W.2d 780 (Iowa); *Marshfield Homes, Inc. v. Eichmeier,* 176 N.W.2d 850 (Iowa); *State v. Midwest Development Corp.,* 210 N.W.2d 526 (Iowa); *Bishop v. Emerson Electric Co.,* 284 F.Supp. 760 (S.D.Iowa); *Schinker v. Ruud Mfg. Co.,* 386 F.Supp. 626 (N.D.Iowa).

House argues however that some of Hendley's duties were continuing in nature and that Hendley's failures to fulfill those duties—to warn, recall, and fulfill assumed duty—continued after 1963 so that the long-arm statute, applied prospectively, operates here. The difficulty with this argument is that we rejected it in *Marshfield Homes, Inc. v. Eichmeier,* 176 N.W.2d 850, 853 (Iowa). See also *State v. Midwest Development Corp.,* 210 N.W.2d 526, 527 (Iowa). In *Marshfield* the injured person made the same claim—that "the continuing nature of the wrongs makes the date of injury the determinative date for retroactivity . . . ." We refused to accept the claim. We again refused to accept it in *Midwest Development*—" 'regardless of the type of action instituted . . . .' "

Our decisions state that we look to the *affirmative* acts of the alleged tort-feasor. *Schnebly v. St. Joseph Mercy Hosp.,* 166 N.W.2d 780, 783, 784 ("affirmative acts of negligence on defendant's part" and "the affirmative acts of negligence"); *Snakenburg v. Jason Mfg., Inc.,* 261 Iowa 1083, 1087, 157 N.W.2d 110, 112 ("all affirmative acts of negligence"); *Chrischilles v. Griswold,* 260 Iowa 453, 463, 150 N.W.2d 94, 101 ("all affirmative acts of negligence"). The reason for the requirement of affirmative acts is that we have a consent-type long-arm statute, and to manifest consent to subject itself to jurisdiction the alleged tort-feasor must commit an affirmative act after the effective date of the statute. The court initiated this rationale of our long-arm statute in *Krueger v. Rheem Mfg. Co.,* 260 Iowa 678, 149 N.W.2d 142, and has since consistently applied the rationale. Indeed, products liability cases frequently involve failures to act, such as failure to warn, but that does not manifest consent to come under the statute. Plaintiff Krueger, for example, alleged among his charges of negligence a specification of "[f]ailing properly to instruct users," and plaintiff Snakenburg alleged "failure to warn." 4447 Iowa Abs. & Args. 478; 4498 Iowa Abs. & Args. 209. Neither of those plaintiffs sustained jurisdiction.

The district court held correctly that the long-arm statute does not apply.

AFFIRMED.