William D. MARTIN, Trustee in Bankruptcy for the Ju-Li Corp., Suing Derivatively on Behalf of the Ju-Li Corp. and Suing in His Name as Trustee on Behalf of the Ju-Li Corp. and Its Former Employees and Unsecured Creditors, Appellant,

v.

JU–LI CORP. f/d/b/a Judy's Hamburgers and Home Fixins' Nominal Defendant Real Party-Plaintiff in Interest; C. Patel Corp., Inc.; and C.P. Patel, C.G. Patel, C.C. Patel, Warren P. Landsman, and Donald Ghareeb, Appellees.

No. 66387.

Supreme Court of Iowa.

April 20, 1983.

Rehearing Denied June 9, 1983.

Richard P. Moore and Gregory Alan Lewis of Moyer & Bergman, Cedar Rapids, for appellants.

Robert C. Tilden, Gregory M. Lederer, and Charles M. Peters of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellees other than Donald Ghareeb.

UHLENHOPP, Justice.

This appeal involves the question of whether Iowa courts have personal jurisdiction of certain Illinois residents.

C. Patel Corp., Inc. is an Illinois corporation not licensed to do business in Iowa. Its sole shareholders are C.P. and C.G. Patel (spouses), who are residents of Illinois. Ju-Li Corp. (Ju-Li) is a Delaware corporation authorized to do business in Iowa and actively operating here at the times in question. On August 7, 1978, C. Patel Corp. acquired all of the stock of Ju-Li from another company.

On the date of acquisition, C.P. Patel and C.C. Patel (father and son), Warren Landsman, and Donald Ghareeb became the new officers and directors of Ju-Li. All of these individuals are Illinois residents except Ghareeb, who lived in Iowa at the time.

Ju-Li failed within a few months after the acquisition, and was adjudged bankrupt. A federal court appointed plaintiff William D. Martin as bankruptcy trustee. The trustee, for the estate of the bankrupt Ju-Li and derivatively on behalf of Ju-Li, brought the present action against defendants C. Patel Corp., the three Patels, Landsman, and Ghareeb.

The trustee stepped into the shoes of Ju-Li and could sue for alleged wrongs done to it by its officers, directors, stockholders, and others. *Bayliss v. Rood,* 424 F.2d 142, 144 (4th Cir.1970); *Roach v. Reldon Trading Corp.,* 321 F.2d 42, 44 (2nd Cir.1963); *Schmitt v. Jacobson,* 294 F.Supp. 346, 347 (D.Mass.1968); *Smith v. State Farm Mutual Automobile Insurance Co.,* 278 F.Supp. 405, 409 (E.D.Tenn.1967); *Parrish v. Brantley,* 256 N.C. 541, 544, 124 S.E.2d 533, 536 (1962); *Nesse v. Brown,* 218 Tenn. 686, 693, 405 S.W.2d 577, 579 (1964); *see* 9 Am.Jur.2d *Bankruptcy* § 271, at 473 (1980) (scheduling as asset the "rights of corporation against stockholders, officers, or directors").

The trustee's petition is in two counts. The first count bases a claim on defendants' failure to contribute adequate capital to Ju-Li and breach of fiduciary and managerial duties to it, alleges that Ju-Li was the alter ego of C. Patel Corp., and charges that defendants' acts were fraudulent, oppressive, and unjust to the damage of Ju-Li and its employees and creditors. The second count bases a claim on defendants' inadequate management of Ju-Li, mismanagement of it, negligent management of it, and waste of its assets, again to the damage of Ju-Li and its employees and creditors. Although the allegations in both counts are against the "defendants," which would include C. Patel Corp. and the five individuals, the prayer in each count is against the five individuals.

Ghareeb appeared generally in the action. The other defendants appeared specially, however, challenging the jurisdiction of the court over them. We refer to them as the defendants. The district court held a hearing and thereafter sustained the special appearance. The trustee appealed. At that time we had not yet decided *State ex rel. Miller v. Internal Energy Management Corp.,* 324 N.W.2d 707 (Iowa 1982).

I. Initially we emphasize two distinctions. One is that a difference exists be-

tween the question of whether the trustee has stated a claim on which relief can be granted and the question of whether Iowa courts have jurisdiction to permit him to try to prove his claim in our courts. *Miller,* 324 N.W.2d at 714. We do not have the former question before us at this time. Moreover, we do not now know whether at trial the trustee will be able to establish his claim on the merits, either factually or legally. We are at a preliminary stage, deciding whether he should be allowed to endeavor to establish his claim here.

■ The other distinction is the difference, in special appearance proceedings, between allegations of a petition which go to the merits of a claim and other allegations of the petition. The latter may be contradicted in special appearance proceedings by affidavits, testimony, and other evidence; the former, however, are taken as true for special appearance purposes, and are not subject to contradiction at that stage. *E & M Machine Tool Corp. v. Continental Machine Products, Inc.,* 316 N.W.2d 900, 904 (Iowa 1982) ("For purposes of the special appearance, we assume that the plaintiff's allegations on the merits are true."); *Svendsen v. Questor Corp.,* 304 N.W.2d 428, 429 (Iowa 1981) ("We accept the allegations of the petition as true."); *Hovey v. Elson,* 303 N.W.2d 132, 135 (Iowa 1981); *Fox v. Martin,* 287 Mich. 147, 152, 283 N.W. 9, 10 (1938) (" 'Its jurisdiction, necessarily, has to be determined from the allegations, assuming them to be true.' "); *Iowa Electric Co. v. State Board of Control,* 221 Iowa 1050, 1059, 266 N.W. 543, 547 (1936) ("Such a procedure [presentation of evidence of allegations of petition, at hearing on special appearance] would involve a determination of the merits of the case, and this is not the purpose of a special appearance.").

The federal courts apply the same rule. The court stated in *Schramm v. Oakes,* 352 F.2d 143, 149 (10th Cir.1965) (citations omitted):

Certainly the trial court may gather evidence on the question of jurisdiction by affidavits or otherwise in an effort to determine the facts as they exist, and

based upon the evidence so obtained, decide the jurisdictional dispute before trial. One deviation from this procedure is in the case where the issue of jurisdiction is dependent upon a decision on the merits. In that circumstance, the trial court should determine jurisdiction by proceeding to a decision on the merits. The purpose of postponing a determination upon a jurisdictional question when it is tied to the actual merits of the case is to prevent a summary decision on the merits without the ordinary incidents of a trial including the right to jury.

To similar effect, see *McBeath v. Inter-American Citizens for Decency Committee,* 374 F.2d 359, 363 (5th Cir.), *cert. denied,* 389 U.S. 896, 88 S.Ct. 216, 19 L.Ed.2d 214 (1967) ("Undoubtedly, under Rule 12(d) of the Federal Rules of Civil Procedure a court may determine the prerequisite to jurisdiction in advance of trial on the merits. However, where the factual and jurisdictional issues are completely intermeshed the jurisdictional issue should be referred to the merits, for it is impossible to decide the one without the other."); *Fireman's Fund Insurance Co. v. Railway Express Agency,* 253 F.2d 780, 784 (6th Cir.1958); *Observa-Dome Laboratories, Inc. v. McGraw-Hill, Inc.,* 343 F.Supp. 1030, 1033 (E.D.Pa.1972) ("When jurisdictional facts are thus intertwined with the merits, they must be left to trial on the merits."). *See also Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc.,* 417 F.2d 129, 131 (5th Cir.1969); 5 Wright & Miller, *Federal Practice and Procedure* § 1350, at 558 (1969) ("If, however, a decision of the jurisdictional issue requires a ruling on the merits of the case, the decision should await a determination of the merits either by the court or a summary judgment motion or by the fact finder at trial."); 21 C.J.S. *Courts* § 112, at 171 (1940); 35A C.J.S. *Federal Civil Procedure* § 470, at 696 (1960).

We begin consideration of the special appearance, therefore, on the assumption that Ju-Li was a corporation licensed and operating in Iowa; that defendants fraudulently, oppressively, and unjustly failed to con-

tribute adequate capital to Ju-Li and breached fiduciary and managerial duties to it; and that defendants inadequately and negligently managed Ju-Li, mismanaged it, and wasted its assets—all to the damage of Ju-Li and its employees and creditors. The question is whether these allegations, accepted as true at this point, give Iowa courts jurisdiction to proceed to trial.

II. In resolving jurisdictional questions regarding nonresidents, we employ a two-prong test: first, does a statute authorize assumption of jurisdiction of the defendants, and second, would assumption of jurisdiction offend constitutional due process of law? *Larsen v. Scholl,* 296 N.W.2d 785, 787 (Iowa 1980). We have no difficulty here with the first prong; the allegations of the petition bring the case within the provisions of our long-arm statute, section 617.3 of the Iowa Code (1979). The controversy involves the minimum-contacts requirement of constitutional due process, to which we now turn.

III. In analyzing this case we consider several aspects of it. We initially take up the situation of all of the individual defendants except C.G. Patel, wife of C.P. Patel; we will deal with her situation later.

A. We first ascertain the roles of these individuals. This is not a case like *Miller* in which individuals in state A, acting through their corporation, perpetrate wrongs on individuals in state B. In this case the corporation, Ju-Li, is itself the alleged victim; individuals in state A, officers and directors of a corporation, are alleged to have committed wrongs against their own corporation licensed and operating in state B, whereby it was brought to bankruptcy. These are allegations of *direct* wrongdoing against a corporation in Iowa by its officers and directors, not wrongdoing *through* a corporation. As to the individual defendants other than C.G. Patel, therefore, we hold that at least minimum contacts existed with Iowa which are essential to subject them to the jurisdiction of Iowa courts, and that this is so whether or not those individuals ever actually set foot in Iowa. The parent decision in this area is

*DeCook v. Environmental Security Corp., Inc.,* 258 N.W.2d 721 (Iowa 1977), which was followed in *Berkley International Co., Ltd. v. Devine,* 289 N.W.2d 600 (Iowa 1980), and *Barrett v. Bryant,* 290 N.W.2d 917 (Iowa 1980).

B. These individuals, however, seek to interpose the corporate shield doctrine—their acts for the corporation, Ju-Li, do not subject them to Iowa jurisdiction simply because the corporation itself is subject to Iowa jurisdiction. *See DeCook* at 727. That principle is subject to an exception, however, when the individuals' activities are not *for* the corporation but rather in *opposition* to its interests, as alleged here; then the individuals' activities become their own. *Barrett* at 921 ("that doctrine has no application here, since jurisdiction over the individual defendants is not predicated on jurisdiction over Ceco but upon their own activities"). Under the trustee's allegations, the corporate shield doctrine avails these individuals no protection.

C. The parties also argue the commission-omission dichotomy involved in *House v. Hendley & Whittemore Co.,* 251 N.W.2d 490 (Iowa 1977). Although that dichotomy is usually referred to in connection with the first prong of the jurisdictional test, it would appear to be applicable also under the second prong:

Our decisions state that we look to the *affirmative* acts of the alleged tort-feasor. *Schnebly v. St. Joseph Mercy Hosp.,* 166 N.W.2d 780, 783, 784 ("affirmative acts of negligence on defendant's part" and "the affirmative acts of negligence"); *Snakenburg v. Jason Mfg., Inc.,* 261 Iowa 1083, 1087, 157 N.W.2d 110, 112 ("all affirmative acts of negligence"); *Chrischilles v. Griswold,* 260 Iowa 453, 463, 150 N.W.2d 94, 101 ("all affirmative acts of negligence"). The reason for the requirement of affirmative acts is that we have a consent-type long-arm statute, and to manifest consent to subject itself to jurisdiction the alleged tort-feasor must commit an affirmative act after the effective date of the statute. The court initiated

this rationale of our long-arm statute in *Krueger v. Rheem Mfg. Co.,* 260 Iowa 678, 149 N.W.2d 142, and has since consistently applied the rationale. Indeed, products liability cases frequently involve failures to act, such as failure to warn, but that does not manifest consent to come under the statute. Plaintiff Krueger, for example, alleged among his charges of negligence a specification of "[f]ailing properly to instruct users," and plaintiff Snakenburg alleged "failure to warn," 4447 Iowa Abs. & Args. 478; 4498 Iowa Abs. & Args. 209. Neither of those plaintiffs sustained jurisdiction.

251 N.W.2d at 492.

If the evidence at the trial of this case shows, for example, that the only involvement of a given nonresident defendant-director was inaction, a decision will have to be made whether Iowa can take *jurisdiction* of him in view of the complete absence of affirmative acts on his part even though the inaction would render him *liable.* We do not decide that question at this time because both counts allege positive misconduct by defendants. At the present time Iowa courts cannot decline jurisdiction of defendants on this basis.

IV. The situation with C.G. Patel is different. She is not an officer or director of Ju-Li, and does not have minimum contacts here on the basis of alleged misconduct as officer or director. The petition alleges, however, that through C. Patel Corp., she *fraudulently* undercapitalized Ju-Li to the damage of Ju-Li and its employees and creditors. Whether the trustee can substantiate that allegation we do not now decide; we accept it for present purposes.

In the case against C.G. Patel we thus have a situation parallel to *Miller:* a person in Illinois (C.G. Patel) commits fraud upon an Iowa victim (Ju-Li) through the medium of a corporation (C. Patel Corp.). If the trustee can prove those allegations at trial, Iowa courts will have jurisdiction of C.G. Patel. In addition, the same allegations which render C.G. Patel amenable to Iowa courts render C. Patel Corp. subject to Iowa jurisdiction, if proved.

V. At trial the trustee may not establish his allegations on the merits, factually, legally, or either way. If he does not establish his allegations factually or legally, by losing on the merits he will also lose on jurisdiction as to the unestablished claim. But at this point we hold that "the District Court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits." *Land v. Dollar,* 330 U.S. 731, 739, 67 S.Ct. 1009, 1013, 91 L.Ed. 1209, 1216 (1947).

REVERSED.

All Justices concur except HARRIS, McGIVERIN, and CARTER, JJ., who dissent.

HARRIS, Justice (dissenting)

The nonresident defendants insist they are not subject to Iowa jurisdiction and hence should not be put to the expense and trouble of coming here to defend the suit. The majority seems to respond by holding they must nevertheless appear and defend on the merits and, at the conclusion of trial, we can properly decide the jurisdiction issue. I do not find the jurisdiction issue and the merits to be so intertwined as to demand such a requirement. Under the circumstances it would be possible, and certainly more appropriate, to place the burden on the plaintiff initially to demonstrate a more tenable claim of jurisdiction. Accordingly, I dissent.

I disagree with the majority's premise that each count of the trustee's petition implicates all five defendants individually. Each prayer in each count lists the five defendants but the same cannot be said of the specific claims in each count. Where it is only the prayer of a count that mentions a defendant, unsupported by any claim, such a defendant should not be considered implicated even under the wide parameters of notice pleading.

The majority summarized the first count of the petition this way:

The first count bases a claim on defendants' failure to contribute adequate capital to Ju-Li and breach of fiduciary and

managerial duties to it, alleges that Ju-Li was the alter ego of C. Patel Corp., and charges that defendants' acts were fraudulent, oppressive, and unjust to the damage of Ju-Li and its employees and creditors.

It seems clear that recovery is sought only against Mr. and Mrs. Patel. As for C. Patel Corp., the petition seeks only that its corporate veil be pierced in order to reach those two individuals. Mr. and Mrs. Patel are the only two defendants who *could* contribute adequate capital to Ju-Li. They are the sole shareholders of the C. Patel Corp., Ju-Li's sole shareholder and, it is alleged, alter ego. A corporation's shareholders are responsible for providing adequate capital to their corporation; the responsibility does not fall on the corporate directors. *See, e.g., Briggs Transp. Co. v. Starr Sales Co.,* 262 N.W.2d 805, 810 (Iowa 1978); 19 Am Jur 2d, *Corporations,* § 713, at 214–15 (1965); 18 C.J.S. *Corporations* § 193 at 616 (1939). I fail to see how Ju-Li's directors are implicated in count I.

Although I concede that, under count I, the first prong of the *Larsen [Larsen v. Scholl,* 296 N.W.2d 785, 787 (Iowa 1980)] test was met regarding Mr. and Mrs. Patel, I disagree that the second prong was met. In *State ex rel. Miller v. Internal Energy Management Corp.,* 324 N.W.2d 707, 716 (Iowa 1982), we attributed the minimum contacts of a Texas corporation to its nonresident directors for jurisdictional purposes, based on the attorney general's extensive allegation of fraud. Here, on the other hand, when the corporate veil of Ju-Li is pierced under count I, we find an Illinois corporation having virtually no contact with Iowa. I am not willing to pierce this second corporate veil to reach Mr. and Mrs. Patel. To do so will lead to claims of jurisdiction through lines of several corporations spread through various states. In order to justify such an expansion of jurisdiction through corporate offices in other states we should, as a minimum, have what we had in *Miller* where the ingredients of the claimed fraud were alleged.

Plaintiff's second count contains allegations of mismanagement and waste of Ju-Li and its assets. Again the majority believes all five defendants are involved. Mrs. Patel, however, is only a shareholder of Ju-Li's sole shareholder, the C. Patel Corp. In Iowa an action for corporate mismanagement and waste is derivative, brought on behalf of a corporation against its directors. *See, e.g., Holi-Rest, Inc. v. Treloar,* 217 N.W.2d 517, 525 (Iowa 1974); *State ex rel. Weede v. Bechtel,* 244 Iowa 785, 811, 56 N.W.2d 173, 187 (1953); 19 Am.Jur.2d, *Corporations,* § 1336 at 743; 19 C.J.S. *Corporations* § 821 at 223–26. Accordingly I think the second count of the trustee's petition could only be brought against the directors of Ju-Li, those in a position to mismanage Ju-Li and waste its assets. Ghareeb does not contest Iowa jurisdiction, leaving Chuck Patel, Mr. Patel, and Landsman. As to them the first prong of the *Larsen* test is satisfied under count II. Again, however, the second prong is not.

In *Larsen* we identified five factors that are useful in determining whether the exercise of jurisdiction over nonresidents offends due process:

(1) the quantity of the contacts;

(2) the nature and quality of the contacts;

(3) the source and connection of the cause of action with those contacts;

(4) the interest of the forum state; and

(5) the convenience of the parties.

296 N.W.2d at 788.

The trial court applied these factors and declined to exercise its jurisdiction:

The court concludes that the quality of the contacts by these specially-appearing defendants is insignificant; the quantity of the contacts is minimal; the source and connection of the cause of action with the contacts is nebulous at best. . . . [T]here certainly is an interest of the forum state insofar as aggrieved parties in Iowa are concerned, and . . . the convenience of the parties is relatively insignificant. . . . [T]he case could be brought just as easily in Illinois as in Iowa.

The trial court specifically found that the directors' acts were taken on behalf of their corporation, a conclusion that should be binding on us. Normally, in a special appearance proceeding, we give a trial court's findings the force and effect of a jury verdict. *Larsen,* 296 N.W.2d at 787. The liability of the directors under count II is based on their action, or lack of action, taken as directors of Ju-Li. I would hold that the nonresident directors are protected by the fiduciary shield doctrine under count II.

I would affirm.

McGIVERIN and CARTER, JJ., join in this dissent.