CREATIVE COMMUNICATION CON-
SULTANTS, INC., Appellee,

v.

BYERS TRANSPORTATION CO.,
INC., Appellant.

No. 2–56686.

Supreme Court of Iowa.

May 21, 1975.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellant.

Stewart, Wimer, Brennan & Joyce, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

The question to be decided here is whether defendant is subject to the jurisdiction of Iowa courts by virtue of our long-arm statute, § 617.3, The Code. The trial court held it was. We disagree and reverse, remanding the case for entry of an order sustaining defendant's special appearance.

The pertinent portion of § 617.3 is here set out:

" * * * If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, * * * such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section, and, if the corporation does not have a registered agent or agents in the state of Iowa, shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract * * * "

The case is before us on the pleadings plus the uncontroverted affidavit of defendant's president. Plaintiff submitted no supporting affidavits or other evidence to support its claim of jurisdiction over defendant corporation.

Plaintiff's petition alleges it entered into an oral contract with defendant, a foreign corporation doing business in Iowa, under the terms of which plaintiff agreed to render certain "expert communication and telephone services" for the sum of $17,412.39.

Plaintiff alleges it performed and completed its part of the contract but that defendant failed to pay the amount due. Plaintiff seeks recovery of that amount plus interest and costs.

Defendant filed a special appearance setting out it is a Missouri corporation with its principal place of business in Kansas City, Missouri. The principal ground for denying Iowa jurisdiction is stated as follows:

"2. That the matters referred to in the petition were not made in the state of Iowa and were not to be performed in the state of Iowa. The agreement between the parties was oral and was made in the state of Missouri and to be performed in the state of Missouri.

"3. That there is no basis for jurisdiction over Byers Transportation Company, Inc. in the state of Iowa and proper jurisdiction over this defendant can only be obtained by commencement of this action in the state of Missouri."

Attached to the special appearance was the affidavit of Paul H. Byers, president of Byers Transportation Company, Inc., who stated the contract sued on was oral and was made in the state of Missouri to be performed in the state of Missouri.

Although plaintiff filed a resistance to the special appearance, it did not controvert the sworn statement that the contract was both made in Missouri and was to be performed there.

■■ Plaintiff insists defendant is subject to the jurisdiction of the courts of this state because it was doing business in Iowa at the time the contract was made. This is the basis, too, for the trial court's order overruling the special appearance. While this may have been true prior to the enactment of present § 617.3, that statute created a new method for obtaining jurisdiction over foreign corporations where ordinary modes of service are not available. Tice v. Wilmington Chemical Corporation, 259 Iowa 27, 33, 141 N.W.2d 616, 621, 143

N.W.2d 86 (supplemental opinion) (1966); cf. Byham v. National Cibo House Corporation, 265 N.C. 50, 143 S.E.2d 225, 229, 230, 23 A.L.R.3d 537 (1965). Jurisdiction over defendant depends upon compliance with the terms of § 617.3. We have consistently held such statutes must be strictly construed. Buena Vista Manor v. Century Manufacturing Co., 221 N.W.2d 286, 288 (Iowa 1974).

The trouble with this case is that the parties have not to this day been able to agree on the rationale for asserting Iowa jurisdiction. Plaintiff maintains the long-arm statute is satisfied upon a showing defendant was doing business in this state. Defendant counters with the argument plaintiff must show the contract sued upon was to be "performed in whole or in part in Iowa."

The trial court adopted plaintiff's theory. We accept defendant's. We therefore reverse because the trial court applied an erroneous rule of law to the uncontroverted facts.

Long-arm statutes similar to Iowa's were enacted by most states after the United States Supreme Court decided International Shoe Company v. Washington, 326 U.S. 310, 316–319, 66 S.Ct. 154, 158–159, 90 L.Ed. 95, 102–104 (1945), generally considered to be the catalyst for new and enlarged jurisdiction over foreign defendants. See Annot., 23 A.L.R.3d 551, 562 et seq. (1969); cf. Hill v. Electronics Corporation of America, 253 Iowa 581, 588, 113 N.W.2d 313, 317–318 (1962) and Great Atlantic & Pacific Tea Company v. Hill-Dodge Banking Company, 255 Iowa 272, 276–278, 122 N.W.2d 337, 339–340 (1963).

■ The method by which a state reaches out to exercise jurisdiction under statutes like § 617.3 is a two-step procedure. First and foremost, long-arm statutes must conform to traditional notions of fair play and substantial justice under the due process clause of the 14th Amendment to the Constitution of the United States. Within that framework, our legislature was free to de-termine the extent to which it would assert the state's authority over non-resident defendants. It chose to limit the statute (in contractual matters involving foreign corporations) to agreements "to be performed in whole or in part by either party in Iowa." Douglas Machine & Engineering Company v. Hyflow Blanking Press Corporation, Iowa, —— N.W.2d ——, filed May 21, 1975; Annot., supra, 23 A.L.R.3d at 551; Drake L.Rev. 423, 430–433 (1974). See also I Vestal & Willson, Iowa Practice, §§ 10.01–10.-02, page 82 et seq. (1974); Beaty v. M. S. Steel Company (4th Cir. 1968), 401 F.2d 157, cert. denied 393 U.S. 1049, 89 S.Ct. 686, 21 L.Ed.2d 691; Midwest Packaging Corporation v. Oerlikon Plastics, Ltd. (S.D.Iowa 1968), 279 F.Supp. 816, 818; Bowman v. Joa, Inc. (4th Cir. 1966), 361 F.2d 706, 714; Perkins v. Benguet Mining Company, 342 U.S. 437, 440, 72 S.Ct. 413, 415, 96 L.Ed. 485, 490 (1952); Gardner v. QHS, Inc. (D.S.C. 1969), 304 F.Supp. 1247, 1248, 1249.

To sustain jurisdiction plaintiff must show that the contract sued on was to be performed in whole or in part by either party in this state. It is here we hold plaintiff has failed. Hence we do not reach the due process problem discussed in Douglas Machine & Engineering Co., Inc. v. Hyflow Blanking Press Corporation, supra.

■ In ruling on a special appearance, we accept as true the allegations of the petition and the contents of any uncontroverted affidavits. The burden is on the plaintiff to sustain jurisdiction, but once plaintiff has made a prima facie case showing jurisdiction, the burden of going forward with the evidence falls upon defendant to rebut or overcome this showing. A hearing on a special appearance is a special proceeding, not reviewable de novo. The findings of the trial court have the force and effect of a jury verdict. Edmundson v. Miley Trailer Company, 211 N.W.2d 269, 271 (Iowa 1973); Rath Packing Company v. Intercontinental Meat Traders, 181 N.W.2d 184, 185 (Iowa 1970); Miller v. Vitalife Corporation of America, 173 N.W.2d 91, 92

(Iowa 1969); Tice v. Wilmington Chemical Corporation, supra, 259 Iowa 27, 35, 141 N.W.2d at 621–622. These principles are again reviewed and affirmed in Douglas Machine & Engineering Company, Inc. v. Hyflow Blanking Press Corporation, supra.

 In the matter now before us, plaintiff alleged nothing more than an oral contract for certain telephone and communication services. Defendant's special appearance admits the contract but asserts it was made in Missouri and was to be fully performed in that state. This is supported by an uncontroverted affidavit. We hold this fails to make out a prima facie case that the contract was one to be performed in whole or in part in Iowa.

It is true such showing need not be made by a literal pleading of the statutory language if the facts alleged permit the fair conclusion that the contract relied on necessarily involves such performance as to the statute envisions.

That was our holding in the Douglas Machine case, mentioned supra, where plaintiff pleaded the specific terms of a written contract setting out detailed duties under an agreement to manufacture and service machinery to be installed and used in this state. We said some of the terms of that contract could be performed only in Davenport. See also Rath Packing Company v. Intercontinental Meat Traders, supra, 181 N.W.2d at 185–186; Sporcam, Inc. v. Greenman Brothers, Inc. (S.D.Iowa 1972), 340 F.Supp. 1168, 1175; Midwest Packaging Corporation v. Oerlikon Plastics, Ltd., supra, 279 F.Supp. at 818.

The present case is entirely dissimilar. Here we have only the most general of allegations concerning an oral contract with no circumstances to suggest any of its terms would necessarily be performed in Iowa. On the contrary, defendant's uncontroverted affidavit asserts the entire performance would be in Missouri.

Defendant's special appearance should have been sustained because plaintiff failed to allege a contract which was to be performed in whole or in part in Iowa. The trial court erred in holding otherwise.

The judgment is reversed, and the case is remanded for entry of an order sustaining defendant's special appearance.

Reversed and remanded with instructions.