Albert T. GRAVELIE, Robert Techau, Leslie Marshall, and Jerome B. Hoppes, on behalf of themselves and all others similarly situated, Appellees,

v.

TBS PACIFIC, INC., d/b/a Imperial Hawaii Hotel, Appellant.

No. 2–59055.

Supreme Court of Iowa.

July 29, 1977.

J. W. Albright, Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellant.

Robert E. Sosalla, William F. Olinger Law Offices, and Thomas G. McCuskey, Richard D. Raymond Law Offices, Cedar Rapids, for appellees.

Heard before MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

By special appearance in this contract dispute defendant, a foreign corporation, asserted the trial court did not obtain in personam jurisdiction under the long-arm statute. The trial court overruled the special appearance. We reverse.

The petition alleges each plaintiff is an Iowa citizen and a third party beneficiary of a contract between two Iowa corporate travel agencies and defendant. Defendant is an Hawaiian corporation. In the regular course of business the Iowa corporations arranged for a vacation trip to be known as "Hawaiian Adventure." This contract called for lodging for plaintiffs at defendant's hotel from February 13, 1975 to February 17, 1975 inclusive. It is alleged plaintiffs were not accommodated by defendant in accordance with the contract when they arrived in Hawaii and were damaged as a result. Plaintiffs allege the contract between the travel agencies and defendant was formed in whole or in part in Iowa. It is also alleged consideration for the contract, a check, was tendered to defendant in Iowa, and the check was thereafter negotiated here.

After plaintiffs sought jurisdiction over defendant under Iowa's long-arm statute, § 617.3, The Code, defendant filed a pro se pleading challenging the trial court's jurisdiction. An ancillary issue is generated because defendant denominated this written challenge a motion to dismiss. Plaintiffs believe such a characterization renders the written challenge a general appearance which submits defendant to Iowa jurisdiction.

Thereafter defendant by local counsel filed an amended and substituted special appearance challenging the jurisdiction of the trial court on grounds (1) defendant was a foreign corporation not found or served in Iowa, (2) defendant was not licensed to and was not doing any business in Iowa, (3) defendant at no time made any contract with plaintiffs, and (4) there was no contract to be performed in whole or in part in Iowa. The special appearance was thereafter amended three times to add supporting affidavits. After the special appearance was overruled defendant sought and was granted permission to bring this interlocutory appeal.

I. The principles governing our review of rulings on a special appearance were summarized in *Creative Commun. Consult. v. Byers Transp.*, 229 N.W.2d 266, 268 (Iowa 1975):

"In ruling on a special appearance, we accept as true the allegations of the petition and the contents of any uncontroverted affidavits. The burden is on the plaintiff to sustain jurisdiction, but once plaintiff has made a prima facie case showing jurisdiction, the burden of going forward with the evidence falls upon defendant to rebut or

overcome this showing. A hearing on a special appearance is a special proceeding, not reviewable de novo. The findings of the trial court have the force and effect of a jury verdict." See also *Douglas Mach. & Eng. v. Hyflow Blanking Press*, 229 N.W.2d 784, 787–788 (Iowa 1975); *Edmundson v. Miley Trailer Co.*, 211 N.W.2d 269, 271 (Iowa 1973); *Tice v. Wilmington Chemical Corp.*, 259 Iowa 27, 35, 141 N.W.2d 616, 621–622 (1966).

Since plaintiffs bring this action on a theory they were third party beneficiaries of a contract between the travel agents and defendant, jurisdiction in Iowa could be claimed, if at all, only under the following language from § 617.3, The Code:

"If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, * * * such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section, * * *."

The question becomes whether the contract alleged in plaintiffs' petition is one "to be performed in whole or in part by either party in Iowa." The petition claims the contract was to be performed in Iowa and bolsters the claim by the further assertion that consideration for the contract was tendered to defendant in the form of a check negotiated in Iowa. No other allegations concerning the place of performance appear.

■ In calling upon a state to exercise jurisdiction over a nonresident under a long-arm statute a plaintiff must satisfy both of two tests. Such a plaintiff must bring himself within the scheme set out in the statute. And such a plaintiff must also show the statute conforms to traditional notions of fair play and substantial justice under the due process clause of Amendment 14 to the Constitution of the United States. Jurisdiction is lacking if plaintiff fails under either test. *Creative Commun. Consult.*, supra, 229 N.W.2d at 268.

We need not reach the constitutional question because we believe it is apparent § 617.3 does not call for Iowa jurisdiction over this dispute. The various state statutes vary in the extent to which they claim jurisdiction in contract disputes. A number of jurisdictions extend long-arm statutes jurisdiction to the full extent of constitutional authority. See for example *Vencedor Manufacturing Co., Inc. v. Gougler Industries, Inc.*, 557 F.2d 886 (1 Cir. filed June 20, 1977). Some states claim jurisdiction over contracts either entered or to be performed within the state. Others claim jurisdiction only where the contract is to be performed in the state. Annot., 23 A.L. R.3d 551.

■ Section 617.3 does not claim jurisdiction for disputes involving contracts on the sole basis they were entered into in Iowa. *Midwest Packaging Corporation v. Oerlikon Plastics, Ltd.*, 279 F.Supp. 816, 818 (S.D. Iowa 1968). Accordingly the trial court's finding is not bolstered by the petition's allegation concerning the place the contract was formed.

■ We do not believe the contract between the travel agencies and defendant was "to be performed" in Iowa within the meaning of § 617.3. Defendant's performance was to be wholly in Hawaii. Defendant sold no services or goods which were to be performed in or shipped into Iowa. The travel agencies may have negotiated from Iowa for performance in Hawaii. We may assume the travel agencies paid defendant by a check which was honored when presented here. These matters might be some indication of contacts with Iowa if we were to reach the constitutional test. But negotiations and the honoring of a check do not relate to the place of performance of the contract which is Iowa's sole basis for claim of jurisdiction in this dispute.

A holding of noncompliance with § 617.3 seems clearly demanded by our holding in *Creative Commun. Consult.*, supra. See also *Caesar's World, Inc. v. Spencer Foods, Inc.*, 498 F.2d 1176, 1179 (8 Cir. 1974). For an overview of long-arm statutes and a history of their development see *Shaffer v.*

*Heitner,* —— U.S. ——, 97 S.Ct. 2569, 53 L.Ed.2d 683 (filed June 24, 1977).

We hold plaintiffs failed to meet their burden of making a prima facie showing of a contract which was to be performed in Iowa. Because of plaintiffs' failure to meet their burden we pass any consideration of whether a third party beneficiary of a contract can utilize § 617.3.

II. Plaintiffs attempt to circumvent the problems posed by limitations under § 617.3 by arguing defendant voluntarily submitted to jurisdiction. In this argument plaintiffs point to defendant's pro se special appearance which was designated "motion to dismiss for want of jurisdiction." Plaintiffs urge this document was a general appearance under rule 65, Rules of Civil Procedure. Rule 65 (since amended) at the time of these proceedings provided:

"A general appearance is any appearance except a special appearance. It is made either by:

"(a) Taking, any part in a hearing or trial of the case, personally or by attorney, or

"(b) By a written appearance filed with the clerk, or a notation on the appearance docket or oral announcement in open court;

"(c) By filing a motion or pleading, other than under a special appearance."

Upon examination of the language of defendant's document it is apparent its purpose was clearly to attack in personam jurisdiction. The document does not go to the merits of the case.

The question of whether an appearance is general or special is not controlled by the designation attached to the document but from the nature of the appearance. In determining the question we look to matters of substance and not merely matters of form. We have said:

"In determining whether an appearance by a defendant is general or special, the court will look to matters of substance, rather than matters of form. (Authority).

"It will also have regard to the defendant's apparent intent to make a special appearance, if such intent is evident from the record. (Citing cases).

"Defendant sought no affirmative relief. He did not plead or offer to plea defensively to the plaintiff's claim, but, on the contrary, carefully restricted his appearance, as required by the statute, to the sole purpose of denying the court's jurisdiction. * *." *Read v. Rousch,* 189 Iowa 695, 701, 179 N.W. 84, 86–87 (1920). See also *Collins v. Powell,* 224 Iowa 1015, 1023, 277 N.W. 477, 488 (1938).

Under this test defendant's appearance was clearly special and not general. Plaintiffs' contention to the contrary is without merit.

By reason of plaintiffs' failure to bring themselves within the terms of § 617.3, The Code, we hold the trial court erred in overruling defendant's special appearance.

REVERSED.