Cheryl Kay SVENDSEN, Appellant,

v.

QUESTOR CORPORATION; Fischer Manufacturing Company, Incorporated; Ewald Fischer d/b/a Fischer Manufacturing Co.; Ewald Fischer and Margaret Fischer, Individuals; Fuqua Industries, Inc., Midwest Bowling & Billiard Supply, Inc., and Harlan Bowl, Inc., Appellees.

No. 65155.

Supreme Court of Iowa.

April 15, 1981.

Robert Kohorst of Louis, Moore, Kohorst & Louis, Harlan, for appellant.

Willis J. Hamilton of Hamilton Law Firm, P. C., Storm Lake, for appellees.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, ALLBEE and SCHULTZ, JJ.

ALLBEE, Justice.

Plaintiff appeals from trial court's ruling quashing service of process on defendants for want of personal jurisdiction. In sustaining defendants' special appearance, trial court concluded that "to permit the plaintiff to continue this suit against these defendants would be in violation of the due process clause of the Fourteenth Amendment." We determine, however, that the ruling must be reversed.

On January 1, 1978, plaintiff Cheryl Kay Svendsen was allegedly injured when a pool table collapsed and fell on her foot. The mishap occurred at a bowling alley in Harlan, Iowa. Plaintiff commenced this action in December 1979, seeking compensatory damages for her injury. The suit is predicated upon theories of strict liability, breaches of implied warranties of merchantability and fitness for purpose, and specific negligence. Among the defendants named in the petition were Ewald Fischer, Margaret Fischer and Ewald Fischer d/b/a Fischer Manufacturing Company (Fischers), appellees in the instant appeal.[1] Plaintiff alleged that the pool table had been "manu-

factured and placed in the stream of commerce" in a defective condition by Fischer Manufacturing, a Missouri corporation with its principal place of business at Tipton, Missouri, and the individual Fischers, also residents of Tipton.

Service on the Fischers was made under section 617.3, The Code 1979, an Iowa long-arm statute. On February 12, 1980, the special appearance was filed by the Fischers, in which they contended that "sufficient contacts" did not exist between themselves and Iowa to support the exercise of jurisdiction by the Iowa courts. Following a hearing, trial court entered the ruling sustaining the special appearance. This appeal was thereafter granted pursuant to Iowa R.App.P. 2.

I. The standard of review employed by this court in passing upon a special appearance has frequently been delineated. We accept the allegations of the petition as true. The plaintiff has the burden of sustaining the requisite jurisdiction; however, once a prima facie case has been established, the burden shifts to the defendant to produce evidence to rebut or overcome the prima facie showing. *E. g., Hovey v. Elson*, 303 N.W.2d 132, 135 (Iowa 1981); *Berkley International Co. v. Devine*, 289 N.W.2d 600, 602 (Iowa 1980). While trial court's findings have the force and effect of a jury verdict, we are not bound by its application of legal principles or conclusions of law. *Berkley International*, 289 N.W.2d at 602. Guided by these general principles, we now consider the question presented by this appeal: whether, under the circumstances of this case, personal jurisdiction can be exercised by the Iowa courts over the Fischers consonant with due process.

II. Our analysis of challenges to the exercise of personal jurisdiction under our long-arm statute ordinarily involves a two-step procedure, first determining whether there has been compliance with section 617.-

---

1. Also named as defendants in the action were the Harlan Bowl, Inc. (the alleged owner of the pool table at the time of plaintiff's injury); Midwest Bowling & Billiard Supply, Inc. (the Nebraska dealer which allegedly sold the table to the owner); and Questor Corporation and Fuqua Industries, Inc. (allegedly the successive owners of the Fischer Manufacturing concern). These defendants are not involved in the instant appeal.

3, *e.g., Barrett v. Bryant,* 290 N.W.2d 917, 921–23 (Iowa 1980), and then considering the issue of its constitutional limits as applied. *See Berkley International Co. v. Devine,* 289 N.W.2d 600, 602 (Iowa 1980). The Fischers do not contend plaintiff failed to comply with section 617.3; thus, only the constitutional issue is presented in this case.[2]

The due process clause of the fourteenth amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant by permitting the exercise of in personam jurisdiction only so long as the defendant has "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). Whether sufficient contacts exist to support the exercise of jurisdiction over a nonresident defendant hinges upon five factors:

(1) the quantity of the contacts;

(2) the nature and quality of the contacts;

(3) the source of and connection of the cause of action with those contacts;

(4) the interest of the forum state; and

(5) the convenience of the parties.

*Berkley International,* 289 N.W.2d at 603; *Kagin's Numismatic Auctions, Inc. v. Criswell,* 284 N.W.2d 224, 228–29 (Iowa 1979). The first three factors are the most important. *Id.*

Our examination of the circumstances present here, as they relate to the first three factors, discloses sufficient contacts between the Fischers and this state to establish a predicate for the exercise of personal jurisdiction. As related above, appellant's petition included the allegation that the Fischers had manufactured the pool table in question and had placed it in the stream of commerce in a defective condition. At this juncture, we note that we are not presented in this case with a situation like that in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), where the United States Supreme Court concluded the exercise of personal jurisdiction over an automobile retailer and regional distributor, whose sole connection with the forum state consisted of the fact that the automobile-related injury had occurred there, was incompatible with the due process clause. *See id.* at 295, 100 S.Ct. at 566, 62 L.Ed.2d at 500. Rather, the question confronting us is whether a nonresident manufacturer who indirectly through others serves or seeks to serve a state's market may be subject to the jurisdiction of that state's courts. Pertaining to this question, the Supreme Court opined in *Woodson* :

When a corporation "purposefully avails itself of the privilege of conducting activities within the forum State," *Hanson v. Denckla,* [357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958)] it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs

---

2. Section 617.3 provides in pertinent part:

If a nonresident person makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or if such person commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person under this section, and shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be the true and lawful attorney of such person upon whom may be served all lawful process or original notice in actions or proceedings

arising from or growing out of such contract or tort.... The making of the contract or the committing of the tort shall be deemed to be the agreement of such corporation or such person that any process or original notice so served shall be of the same legal force and effect as if served personally upon such defendant within the state of Iowa. The term "resident of Iowa" shall include any Iowa corporation, any foreign corporation holding a certificate of authority to transact business in Iowa, any individual residing in Iowa, and any partnership or association one or more of whose members is a resident of Iowa.

on to customers, or, if the risks are too great, severing its connection with the State. Hence if the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others. The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State. Compare *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961). 444 U.S. at 297–98, 100 S.Ct. at 567, 62 L.Ed.2d at 501–02.

The allegations contained in plaintiff's petition, unrefuted by any proffered evidence or affidavits, satisfactorily demonstrate that the Fischers, through their actions in marketing their product, sought to serve the Iowa market, and therefore should be amenable to the jurisdiction of the Iowa courts. Plaintiff asserted the Fischers had placed their product into "the stream of commerce" and that it reached an Omaha distributor, who in turn sold the product to its present Iowa owner. The Fischers have not claimed that the use of their product in Iowa is an isolated occurrence. While the record does not disclose the marketing territory of the Fischers, or the volume of business in which they engaged, it is reasonable to infer that their commercial transactions resulted in more than insubstantial use and consumption in this state. *See Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 441–42, 176 N.E.2d 761, 766 (1961). This affords a sufficient basis for the conclusion that the Fischers, through the Omaha distributor, indirectly sought to serve the Iowa market, and consequently are subject to suit within this state.

█ Similarly, the Fischers' conduct and connection with Iowa are such that they should "reasonably anticipate being haled into court" here. *Woodson*, 444 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501. By engaging in interstate commerce, they clearly expected that their products would be used in other states, and thus could reasonably expect to be held subject to the jurisdiction of the courts of those states. It is generally accepted that when a manufacturer voluntarily places his product in the stream of commerce, the constitutional requirement of minimum contacts will be satisfied in all states where the manufacturer can foresee that the product will be marketed. *See, e.g., Volkswagenwerk, A. G. v. Klippan, GmbH*, 611 P.2d 498, 500 (Alas. 1980); *Ford Motor Co. v. Atwood Vacuum Machine Co.*, 392 So.2d 1305, 1312–13 (Fla. 1981); *Andersen v. National Presto Industries, Inc.*, 257 Iowa 911, 919, 135 N.W.2d 639, 643 (1965). In this case, the inference of foreseeability on the part of the Fischers is strengthened by the close geographic proximity of both themselves and the distributor to Iowa, the forum state. Thus, in assessing the contacts between the Fischers and this state in terms of their quantity, nature, quality, source and connection to the cause of action, we are satisfied that the exercise of personal jurisdiction would not violate the due process clause.

The two remaining factors employed in evaluating the sufficiency of contacts for purposes of personal jurisdiction also compel the conclusion that jurisdiction may properly be exercised in this case. The state of Iowa has a strong interest in protecting its residents from damages resulting from the tortious acts of nonresident defendants. *Barrett*, 290 N.W.2d at 923; *Berkley International*, 289 N.W.2d at 605. If plaintiff successfully demonstrates the truth of her allegations, injury will have occurred to her in Iowa as the result of the Fischers' conduct. As such, it is clear Iowa has a strong interest in entertaining this case.

█ Consideration of the convenience of the parties leads to the same conclusion.

The alleged injury occurred in Iowa, and the product and witnesses to the accident are located here. Any asserted inconvenience on the part of the Fischers in having to travel from Missouri to Iowa to defend this action is not so substantial as to offend traditional notions of fair play and substantial justice. *See Barrett*, 290 N.W.2d at 923; *Berkley International*, 289 N.W.2d at 605. Similarly, the fact that the Fischers have discontinued their manufacturing activities for several years is also an insufficient basis for declining to exercise jurisdiction.

We conclude the Fischers had sufficient contacts with Iowa to permit the exercise of personal jurisdiction by our courts. The assumption of jurisdiction in this case is not inconsistent with due process. Trial court's order sustaining the Fischers' special appearance is therefore reversed, and the case remanded for further proceedings.

REVERSED AND REMANDED.