E & M MACHINE TOOL CORPORA-
TION, Appellee,

v.

CONTINENTAL MACHINE PRODUCTS,
INC., Appellant.

No. 65266.

Supreme Court of Iowa.

March 17, 1982.

James R. Bowers, Jr., of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Gene Yagla of Lindeman & Yagla, Waterloo, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

McCORMICK, Justice.

The question here concerns the correctness of a trial court order overruling a special appearance. Plaintiff E & M Machine Tools Corporation, of Waterloo, sued defendant Continental Machine Products, Inc., a California corporation, seeking to recover damages for breach of express war-

ranty and deceit in connection with the sale of a used milling machine. Defendant appeared specially to challenge the court's jurisdiction. After hearing, the trial court held that defendant waived the special appearance by filing interrogatories and a motion to quash discovery requests of plaintiff. Although we hold that defendant did not waive the special appearance, we affirm the trial court on the ground that the special appearance lacked merit.

Plaintiff alleged in its petition that in early 1978 defendant advertised for sale a 1972 Pratt and Whitney milling machine with a General Electric reader, a machine which would have a circular cutting capacity, that defendant's president told plaintiff's president the machine was of the year and model represented, that plaintiff purchased the machine based on these representations, but that the machine turned out not to be of the year and model represented and lacked a circular cutting capacity. As a proximate result of this alleged breach of express warranty, plaintiff asked damages of $50,000. In a separate count, plaintiff alleged the representations were made with intent to deceive and requested actual and punitive damages on that basis.

Service was made on defendant pursuant to the long-arm statute, section 617.3, The Code. Defendant subsequently filed a special appearance, alleging the court lacked jurisdiction because the contract between the parties was not "to be performed in whole or in part by either party in Iowa." In the prayer of the special appearance, defendant asked that the jurisdictional issue be determined on answers to written interrogatories. Defendant recited that its interrogatories were being simultaneously filed. Three interrogatories asking plaintiff to state the nature and terms of the transaction were separately filed.

Plaintiff filed a resistance to the special appearance, realleging that the contract was to be partially performed in Iowa and adding an allegation that the tort pled in the petition's second count was partially committed in Iowa. An affidavit by plaintiff's president was attached. It included statements that the milling machine was advertised in a trade publication received by plaintiff as an Iowa subscriber, that the negotiations inducing the sale were received in Iowa by telephone, that the deceit occurred in the advertisement and the telephone negotiations, and that plaintiff's damages were suffered in Iowa after the machine was received by plaintiff in Waterloo.

At the same time, plaintiff filed requests for admissions and for production of documents and answers to defendant's interrogatories. Defendant subsequently filed a reply to the special appearance and a motion to quash plaintiff's discovery requests on relevancy grounds. Plaintiff responded to the motion to quash, and it was overruled.

Prior to the hearing on the special appearance, defendant filed an affidavit of its president, answered the request for admissions, and produced the requested documents. Although defendant's president denied making any misrepresentations concerning the year and model of the milling machine and asserted the advertisement for the machine was placed in defendant's behalf by a third party, he did not controvert plaintiff's affidavit relating to the content of the ad or its publication in a trade newspaper circulated in Iowa. Moreover, he confirmed that he negotiated the sale with plaintiff's president by long distance telephone calls between California and Iowa. He said the machine was shipped to Iowa at plaintiff's expense after he received plaintiff's certified check.

The special appearance was submitted to Judge C. W. Antes on the affidavits, discovery, and briefs and arguments of the parties. Each party contended that the issues were whether plaintiff had established a statutory and constitutional basis for jurisdiction or whether defendant had waived its special appearance by seeking discovery and filing the motion to quash. Because the judge found the special appearance had

been waived, he did not reach the other issues.

The case went to trial, and plaintiff obtained a judgment from which this appeal is taken. The sole question is whether the court erred in overruling the special appearance.

■ I. *The waiver ground.* Special appearances are provided for in Iowa R.Civ.P. 66:

> A defendant may appear specially for the sole purpose of attacking the jurisdiction of the court, but only before taking any part in a hearing or trial of the case, personally or by attorney, or filing a motion, written appearance, or pleading. The special appearance shall be in writing, filed with the clerk and shall state the grounds thereof. If the special appearance is erroneously overruled, defendant may plead to the merits or proceed to trial without waiving such error.

When a party seeks relief that discloses a purpose beyond challenging the court's jurisdiction, the special appearance is waived:

> It is well settled that the sole purpose of a special appearance proceeding is to challenge the court's jurisdiction. If the appearing party requests relief or discloses a purpose that goes beyond challenging the jurisdiction of the court . . . the appearance will be considered general, and all jurisdictional challenges will be deemed waived.

*Matter of Estate of Dull*, 303 N.W.2d 402, 407 (Iowa 1981). A request for relief on the merits of the case is deemed to be a waiver. *George v. Gander*, 261 Iowa 275, 279, 154 N.W.2d 76, 79 (1967).

Before the 1973 comprehensive revision of the rules of civil procedure, discovery by interrogatories was authorized on issues raised in a special appearance. *See* Iowa R.Civ.P. 121, The Code 1971. Since the revision, rule 126(a) simply authorizes interrogatories to "be directed to the plaintiff after commencement of the action and upon any other party with or after service of the original notice upon that party." Under rule 122(a), interrogatories can be propounded on any relevant subject matter. Although plaintiff contends otherwise, we perceive no basis for holding that the right to employ interrogatories to obtain discovery on special appearance issues was abrogated in the revision. The tenor of the 1973 revision was to expand rather than contract discovery.

■ This court recently addressed the right of a party to have discovery on special appearance issues. In *Barrett v. Bryant*, 290 N.W.2d 917, 920–21 (Iowa 1980), the court recognized the authority of a trial court to defer ruling on a special appearance to permit the parties to pursue discovery on contested jurisdictional issues. No issue concerning either the right of a party to pursue discovery without court authorization or of waiver was presented.

■ We find that the rules make no distinction between authority for discovery for purposes of a special appearance and for other purposes. When discovery is otherwise available, it is available for special appearance purposes. It is, of course, subject to constraints of relevancy and judicial control like all discovery. Because we find discovery is available on contested special appearance issues, we hold that employing discovery for that purpose does not waive a special appearance.

■ In finding waiver in the present case, the trial court relied on defendant's motion to quash as well as its discovery requests. Plaintiff argues this motion is the kind proscribed in rule 66 as inconsistent with a special appearance. Not every document denominated a motion, however, will waive a special appearance. *See, e.g., Gravelie v. TBS Pacific, Inc.*, 256 N.W.2d 230 (Iowa 1976) (motion to dismiss for want of jurisdiction held to constitute special appearance). The court looks to substance rather than form. The type of relief requested is determinative of whether the

purpose goes beyond challenging jurisdiction. *Matter of Estate of Dull*, 303 N.W.2d at 407.

■ In the present case the motion to quash was in substance an objection to plaintiff's requests for discovery. It did not manifest any purpose to invoke the court's authority on any issue other than the special appearance proceeding. Therefore defendant did not waive its special appearance on this basis.

■ Because defendant's participation was limited to its challenge to the court's jurisdiction, we hold that the trial court erred in overruling the special appearance on the waiver ground.

II. *The statutory grounds.* Defendant attacked only the contract ground for jurisdiction under section 617.3 in its special appearance. We will assume, without deciding, that the tort ground was put in issue when plaintiff alleged its applicability in its resistance.

■ Under section 617.3, a foreign corporation is amenable to suit in Iowa if it "makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, or if such foreign corporation commits a tort in whole or in part in Iowa against a resident of Iowa . . . . " We need not decide whether both grounds existed in the present case because it is sufficient if one ground exists. *Tice v. Wilmington Chemical Corporation*, 259 Iowa 27, 44, 141 N.W.2d 616, 627 (1966).

■ Principles governing burden of proof and scope of review are delineated in *Larsen v. Scholl*, 296 N.W.2d 785, 787 (Iowa 1980). Plaintiff's evidence that the trade newspaper advertisement was circulated in Iowa, that the sale was partially negotiated by telephone calls between California and Iowa, and that any injury it sustained happened in Iowa is uncontroverted. Defendant merely denies that any misrepresentation or injury occurred. This denial goes to the merits rather than the site of events relevant to jurisdiction. For purposes of the special appearance, we assume that the plaintiff's allegations on the merits are true. *Barrett*, 290 N.W.2d at 921. It does not matter for jurisdictional purposes whether the plaintiff actually recovers on the cause of action that serves as the predicate for jurisdiction. Thus the jurisdictional issue is not affected in the present case by the fact plaintiff recovered only on its contract theory.

■ We find that plaintiff established a statutory basis for jurisdiction on the tort ground. The advertising in Iowa, the representations over the telephone to plaintiff in Iowa, and the alleged injury in Iowa are sufficient to show an alleged tort committed in part in this state. *See Barrett*, 290 N.W.2d at 921 (tort committed in part in Iowa when injury occurs here). Therefore defendant's attack on the statutory basis for jurisdiction is without merit.

■ III. *The constitutional ground.* When jurisdiction is challenged on the ground of violation of the due process clause of U.S.Const. amend. XIV, the trial court must determine whether the defendant had sufficient contacts with the jurisdiction to satisfy the requirement of fair play and substantial justice. *Larsen*, 296 N.W.2d at 788.

■ In the present case the constitutional ground was not alleged in defendant's special appearance. Ordinarily this would preclude our considering it. An argument could be made in this case, however, that the issue was tried by consent. We will assume, without deciding, that the issue was raised in the trial court.

Governing principles are discussed in *Svendsen v. Questor Corp.*, 304 N.W.2d 428, 430 (Iowa 1981), and *Al-Jon, Inc. v. Garden Street Iron & Metal, Inc.*, 301 N.W.2d 709, 711 (Iowa 1981). This is not a "stream of commerce" case like *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100

S.Ct. 559, 62 L.Ed.2d 490 (1980). Instead it is a case of an out-of-state seller soliciting a sale in the Iowa market, more like *Svendsen. See* 304 N.W.2d at 430.

The inducement of reliance in Iowa through the advertisement and telephone calls and the shipment of the machine into this state provided sufficient contacts to make it reasonably forseeable to defendant that it might be sued here. *See Woodson,* 444 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501; *Data Disc., Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1288–89 (9th Cir. 1977); *Al-Jon, Inc.,* 301 N.W.2d at 714.

We find no merit in defendant's due process contention.

We hold that the trial court was correct in overruling the special appearance.

AFFIRMED.