**Walter A. CROSS, Appellant,**

v.

**LIGHTOLIER INCORPORATED, Appellee.**

**No. 84–1273.**

Supreme Court of Iowa.

Nov. 12, 1986.

---

Thomas E. Leahy of Grefe & Sidney, Des Moines, for appellant.

Keith E. Uhl and Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

SCHULTZ, Justice.

The question here is whether, in an employment contract action, the Iowa District Court acquired personal jurisdiction over a nonresident corporation by service made pursuant to Iowa Code section 617.3 (1983). Ultimately, the issue is whether jurisdiction is acquired when the proof is inadequate to show that the contract is to be performed in part or whole in Iowa, but does show that the corporation was doing business in Iowa.

Plaintiff Walter A. Cross is a resident of Iowa and maintains that he was offered and accepted employment by defendant Lightolier Incorporated; the employment contract was terminated before he actually began work. Although plaintiff alleges defendant does business in Iowa, plaintiff mailed notice pursuant to section 617.3 to defendant's office in New Jersey and does not deny that defendant is a New York corporation.

Defendant by special appearance challenged the jurisdiction of the Iowa courts, generally claiming its status as a foreign corporation not licensed to do business in Iowa. Specifically, defendant claimed that it engaged in no activity subjecting it to service of process in this case, and that it did not have minimum contacts with the state of Iowa sufficient to meet the requirements of due process under the fourteenth amendment to the United States Constitution. The matter was set for hearing and the affidavits and briefs of both parties were presented to the court. The trial court sustained the special appearance, reasoning that "the parties did not enter into a contract to be performed in whole or in part in the state of Iowa."

We first examine the applicable procedural principles. When a defendant by a special appearance makes a direct attack on the jurisdiction of the court, the burden is on the plaintiff to sustain the requisite jurisdiction by showing an adequate service and compliance with any applicable statute. *LaRose v. Curoe*, 343 N.W.2d 153, 157 (Iowa 1983). Once a prima facie showing has been made, the burden of going forward with the evidence shifts to defendant to overcome or rebut the showing, if possible. *Id.* We accept as true the allegations in the petition and the contents of uncontroverted affidavits. *E & M Machine Tool Corp. v. Continental Machine Products, Inc.* 316 N.W.2d 900, 904 (Iowa 1982).

In our review the trial court's findings of fact have the effect of a jury verdict and are subject to challenge only

when not supported by substantial evidence in the record; we are not bound by the trial court's application of legal principles or its conclusions of law. *Svendsen v. Questor Corp.*, 304 N.W.2d 428, 429 (Iowa 1981).

In review of jurisdictional challenges under section 617.3, we have consistently posed two questions in analyzing the validity of a special appearance: (1) whether there is a basis for the exercise of jurisdiction of the court under section 617.3; and (2) whether the exercise of jurisdiction offends due process. *Smalley v. Dewberry*, 379 N.W.2d 922, 924 (Iowa 1986); *State ex rel. Miller v. Internal Energy Management Corp.*, 324 N.W.2d 707, 710 (Iowa 1982); *Svendsen*, 304 N.W.2d at 429–30; *Barrett v. Bryant*, 290 N.W.2d 917, 921–23 (Iowa 1980); *Kagin's Numismatic Auctions, Inc. v. Criswell*, 284 N.W.2d 224, 226–28 (Iowa 1979); *Gravelie v. TBS Pacific, Inc.*, 256 N.W.2d 230, 232 (Iowa 1977); *Douglas Machine & Engineering Co. v. Hyflow Blanking Press Corp.*, 229 N.W.2d 784, 788–89 (Iowa 1975); *Creative Communication Consultants, Inc. v. Byers Transportation Co.*, 229 N.W.2d 266, 268 (Iowa 1975). To determine the basis for the exercise of jurisdiction in this case, we must first examine compliance with the procedural requirements of section 617.3, which must be strictly construed, and decide whether under the facts present this section authorized service. *See Creative Communication Consultants, Inc.*, 229 N.W.2d at 268.

In the jurisdictional challenge the trial court was initially faced with defendant's assertions challenging the applicability of section 617.3. Defendant, however, did not claim that the manner of service was improper, but rather focused on the claim that as a foreign corporation it was not engaged in activity subjecting it to service of process in the instant lawsuit. Defendant additionally maintained that if the court attempted to exercise jurisdiction it would violate both the federal and state constitutions. We need only consider these constitutional claims if we determine there is a basis under section 617.3 for obtaining jurisdiction over the defendant.

■ The pertinent portion of section 617.3 is as follows:

... If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, ... such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section, and, if the corporation does not have a registered agent or agents in the state of Iowa, shall be deemed to constitute the appointment of the secretary of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract....

The basis for jurisdiction in a contract action under this section is proof that the employment contract is "to be performed in whole or in part by either party in Iowa." *Creative Communication Consultants, Inc.*, 229 N.W.2d at 268.

■ The facts before us are taken from the pleadings and uncontroverted affidavits of the parties. Plaintiff in his petition alleges that he was employed to serve as defendant's sales representative in the state of Missouri, and that he made the necessary arrangements to comply with defendant's directions by terminating his employment in Iowa and placing his residence for sale. He then maintains that he was terminated before he could take over his position with the defendant. The allegations in plaintiff's pleadings fall short of showing a contract to be performed in whole or in part within this state.

■ Turning next to the affidavits of the parties submitted in support of their respective positions, we find contradictory evidence on whether the contract was to be performed in whole or part in Iowa. Defendant's affidavit unequivocally states that "no contract was made with the plaintiff in the state of Iowa, nor was any contract to be performed either in whole or

in part in the state of Iowa." In resistance, plaintiff's affidavit claims that, as a part of the contract to be performed in the state of Iowa, he resigned his employment, sold his Iowa home, purchased an automobile, made preliminary contacts with individuals engaged in the business, advised his friends and relatives of his employment with the defendant, and placed phone calls from Iowa to defendant's regional office when he was advised that his employment was terminated. Thus, the affidavits are in conflict concerning where the contract was to be performed.

The trial court ruled that the plaintiff did not meet his burden of showing jurisdiction by service under section 617.3, describing plaintiff's actions concerning his employment and home as "unilateral actions of the plaintiff and not the acts of the defendant." Our review is not de novo; the findings of the trial court have the force and effect of a jury verdict. *Creative Communication Consultants*, 229 N.W.2d at 268. As the evidence is controverted, we are bound by the trial court's findings.

■ Additionally, the plaintiff's affidavit states that defendant was conducting business in the state of Iowa, had a full-time employee in Iowa, and sold approximately $500,000 of its products within the state of Iowa on an annual basis. Plaintiff claims that our courts have jurisdiction over a foreign corporation when the corporation is doing business within the state, regardless of where the contract is to be performed. We rejected that contention in *Creative Communication Consultants, Inc.*, 229 N.W.2d at 267–68. We stated:

Plaintiff insists defendant is subject to the jurisdiction of the courts of this state because it was doing business in Iowa at the time the contract was made. This is the basis, too, for the trial court's order overruling the special appearance. While this may have been true prior to the enactment of present section 617.3, that statute created a new method for obtaining jurisdiction over foreign corporations where ordinary modes of service are not available.... Jurisdiction over

defendant depends upon compliance with the terms of section 617.3. We have consistently held such statutes must be strictly construed.

. . .

To sustain jurisdiction plaintiff must show that the contract sued on was to be performed in whole or in part by either party in this state.

*Id.* (Citations omitted.) We believe this holding is still valid and do not abandon it. We note, however, that plaintiff here relies solely upon service under section 617.3 and did not attempt service under Iowa Rule of Civil Procedure 56.2.

Plaintiff urges that we follow the lead of the court of appeals in determining that the trial court should reconsider its findings and specifically address the issue of the defendant doing sufficient business within the state of Iowa to satisfy minimum contact requirements. Citing *Davenport Machine & Foundry Co. v. Adolph Coors Co.*, 314 N.W.2d 432, 434–35 (Iowa 1982), the court of appeals indicated that the requirements of section 617.3 "can also be satisfied when a corporation engages in systematic and continuous activities in the forum state even though the cause of action is unrelated to the contacts used to establish personal jurisdiction." In *Davenport Machine* the foreign corporation entered a special appearance challenging the jurisdiction of Iowa courts on the basis that the corporation lacked the minimum contacts with Iowa essential for jurisdiction. *Id.* at 433. No challenge was made on the ground that the contract was not to be performed in whole or in part in Iowa. In *Davenport Machine* the discussion concerning minimum contacts in Iowa related to the constitutional limitations upon the state's ability to assert in personam jurisdiction over a foreign defendant as outlined in *International Shoe Co. v. Washington*, 326 U.S. 310, 316–17, 66 S.Ct. 154, 158–59, 90 L.Ed. 95, 102–03 (1945). The matter of whether the contract was to be performed in Iowa was not an issue in *Davenport Machine* as it is in this case. Consequently, the holding in *Davenport Machine* does

not compel the result urged by plaintiff and we decline to remand on that basis.

■ Before moving on to the next contention, we find it necessary to address the problem arising from the inclusion of an unsigned affidavit in the appendix. Following the district court's ruling, plaintiff filed a motion for reconsideration which was denied by the court. The unsigned affidavit, which was dated July 3, 1984 (the same date as the hearing on the motion for reconsideration), but was not file-stamped, speaks more specifically to events leading up to plaintiff's employment and to the conditions allegedly imposed by the defendant, which were to be performed by plaintiff in Iowa before his move to Missouri. While we do not believe that this latter affidavit does more than controvert defendant's affidavit stating that any contract was not to be performed in Iowa, we have not considered the unsigned affidavit in reaching our holding. The record does not include a showing that such affidavit was filed with the trial court, either in the transcript of proceedings or in any other manner. *See* Iowa R.App.P. 10(a). When no report of a piece of evidence has been included in the record, a party may cause such record to be submitted after trial but before the appellate appendix is compiled. Thus, the evidence would become part of the record on appeal. *See* Iowa R.App.P. 10(c). In this case, however, plaintiff neglected to follow this procedure, thus precluding this court from considering the unsigned and unfiled affidavit.

■ We agree with plaintiff's next argument that jurisdiction over a foreign corporation is appropriate under section 617.3 when the foreign corporation commits a tortious act in whole or in part in Iowa causing damage or injury to a resident of the jurisdiction. Plaintiff has not convinced us, however, that he alleged a tortious act.

In division IV of his petition, plaintiff repeats his allegations concerning an oral contract of employment without term and additionally alleges that defendant terminated the contract in bad faith, with malicious indifference and in retaliation for plaintiff's exercise of his constitutional rights. Plaintiff has not revealed the nature of these rights in the petition or in his resistance to defendant's special appearance.

■ Ordinarily, a breach of contract is not a tort, although a contract may establish some duty, violation of which may be tortious. *M & W Farm Service Co. v. Callison*, 285 N.W.2d 271, 276 (Iowa 1979). Plaintiff did not allege, nor does he now claim, the violation of an independent duty arising from the contract. Rather, it appears he relies solely on the breach of the contract as the violation of duty that supports his cause of action. We believe the gravamen of plaintiff's cause of action is a breach of contract rather than breach of a duty arising out of the contract. The additional allegations of malice, bad faith and retaliation serve as a vehicle to support a claim for punitive damages.

We also point out that, while plaintiff claims that division IV is a tort action, he cites no authority for this proposition. We recognize that jurisdictions are split on whether an action for wrongful discharge under a mandate of public policy is a contract or tort action. *See* Annot., 12 A.L.R. 4th 544, 552–58 (1982). We stated recently, "Employment at will ... cannot be used as a basis for an action for wrongful discharge or breach of employment contract." *Haldeman v. Total Petroleum, Inc.*, 376 N.W.2d 98, 105 (Iowa 1985). We are not convinced that the trial court was wrong in considering this action to be in contract rather than in tort.

In summary, we believe that the trial court correctly sustained defendant's special appearance. The question involved is whether the service is proper under section 617.3. This is not the same question as whether taking jurisdiction is constitutional and therefore may be proper under other statutory options for service. *See Universal Cooperatives, Inc. v. Tasco, Inc.*, 300 N.W.2d 139, 142–43 (Iowa 1981). We note here that, as in *Tasco*, a party may make

more than one attempt at service. We need not pass on this issue, however, nor decide whether the action need be commenced anew. We vacate the decision of the court of appeals and affirm the decision of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.