**BIC, INC., SAFEMARK DIVISION, Plaintiff–Appellant,**

v.

**Robert SCHLEISMAN, d/b/a Bob's Tire & Auto Service, Defendant–Appellee.**

No. 88–525.

Court of Appeals of Iowa.

April 25, 1989.

Lori L. Koop and Bradley R. Peyton of Morain, Burlingame, Pugh, Juhl & Peyton, West Des Moines, for plaintiff-appellant.

Gene L. Beach and Roger Schoell of Grimes, Buck, Schoell & Beach, Marshall-town, for defendant-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Plaintiff appeals the district court's dismissal based on lack of jurisdiction. The issue in this appeal is whether the Iowa district court acquired in personam jurisdiction over the defendant. Our scope of review in cases of this kind is as stated in *Rath Packing Co. v. Intercontinental Meat Traders, Inc.*, 181 N.W.2d 184, 185 (Iowa 1970):

> In passing on a special appearance we accept the allegations of the petition as true. Plaintiff has the burden of sustaining the requisite jurisdiction, but once it has made a prima facie case, the burden is on defendant to produce evidence to rebut or overcome the prima facie showing. This is a special proceeding in which the findings of the trial court have the force and effect of a jury verdict. (Citations omitted.)

"We are not bound by the trial court's conclusions of law or by its application of legal principles." *Kagins Numismatic Auctions v. Criswell*, 284 N.W.2d 224, 225 (Iowa 1979) (quoting *DeCook v. Environmental Security Corp.*, 258 N.W.2d 721, 726 (Iowa 1977)).

The plaintiff, Safemark Division of BIC, Inc., distributes tires and batteries under the "Safemark" brand name. In 1979 Safemark entered into a contract with Robert Schleisman, d/b/a Bob's Tire and Auto Service. Under this contract, Schleisman agreed to be a retailer and service agent for Safemark products. At the time of the 1979 contract, both parties were Iowa residents.

In 1984 Schleisman sold the business called Bob's Tire and Auto Service to Lowell Ford Ltd. (Lowell). Lowell continued to operate the business under the name Bob's Tire and Auto Service. Lowell recorded this trade name with the county recorder. Robert Schleisman worked as an employee of Lowell until April 1987. At that time he resigned and moved to California.

After purchasing the business from Schleisman, Lowell continued to serve as a retailer and service agent for Safemark products pursuant to the original contract. This action arises out of charges incurred between June 4, 1987, and November 9,

1987. In December 1987, Safemark filed the present lawsuit seeking sums due on open account from the business known as Bob's Tire and Auto Service. Safemark's petition listed as the defendant "Robert Schleisman d/b/a Bob's Tire and Auto Service." The petition made no reference to Lowell.

Schleisman filed a motion to dismiss for lack of jurisdiction. The district court sustained this motion. The court held Safemark had ample actual knowledge Schleisman was no longer involved in the business, that Lowell had purchased the business, and that Lowell was the party paying for Safemark products. The court also noted all unpaid bills which were the subject of this action arose after the purchase of the business by Lowell and after Schleisman's move to California.

Safemark has appealed the district court's order dismissing its petition for lack of jurisdiction. Safemark contends Iowa's long-arm statute gives the Iowa court jurisdiction over Schleisman.

■ In review of jurisdictional challenges under section 617.3, the long-arm statute, we pose two questions: (1) whether there is a basis for the exercise of jurisdiction of the court under section 617.3; and (2) whether the exercise of jurisdiction offends due process. *Cross v. Lightolier Inc.,* 395 N.W.2d 844, 847 (Iowa 1986) (citing *Smalley v. Dewberry,* 379 N.W.2d 922, 924 (Iowa 1986); *State ex rel. Miller v. Internal Energy Management Corp.,* 324 N.W.2d 707, 710 (Iowa 1982); *Svendsen v. Questor Corp.,* 304 N.W.2d 428, 429 (Iowa 1981); *Barrett v. Bryant,* 290 N.W.2d 917, 921–23 (Iowa 1980); *Kagin's Numismatic Auctions, Inc. v. Criswell,* 284 N.W.2d 224, 226–28 (Iowa 1979); *Gravelie v. TBS Pacific, Inc.,* 256 N.W.2d 230, 232 (Iowa 1977); *Douglas Machine & Engineering Co. v. Hyflow Blanking Press Corp.,* 229 N.W.2d 784, 788–89 (Iowa 1975); *Creative Communication Consultants, Inc. v. Byers Transportation Co.,* 229 N.W.2d 266, 268 (Iowa 1975)).

The pertinent portion of section 617.3 is as follows:

... If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, ... such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this section, and, if the corporation does not have a registered agent or agents in the state of Iowa, shall be deemed to constitute the appointment of the secretary of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract....

Iowa Code § 617.3 (1987).

■ The basis for a contract action under this section is proof that the contract is "to be performed in whole or in part by either party in Iowa." *Cross v. Lightolier, Inc.,* 395 N.W.2d 844, 847 (Iowa 1986) (citing *Creative Communication Consultants, Inc.,* 229 N.W.2d at 268). The contract which was entered into between Safemark and Schleisman, d/b/a Bob's Tire and Auto Service in 1979 was a contract which was to be performed in Iowa. Thus, the first prong of the jurisdictional challenge has been satisfied as there is a basis for jurisdiction under section 617.3.

We now turn to the question of whether the exercise of jurisdiction offends due process. The Eighth Circuit Court of Appeals has outlined five requirements for the determination of whether fair play and substantial justice is offended:

(1) the quantity of the contact;

(2) the nature and quality of the contacts;

(3) the source and connection of the cause of action with those contacts;

(4) the interest of the foreign state; and

(5) the convenience of the parties.

*Caesar's World, Inc. v. Spencer Foods, Inc.,* 498 F.2d 1176, 1180 (8th Cir.1974); *Larsen v. Scholl,* 296 N.W.2d 785, 788 (Iowa 1980); *Al–Jon, Inc. v. Garden St. Iron and Metal,* 301 N.W.2d 709, 711 (Iowa 1981).

Safemark relies heavily on the fact that Schleisman was a resident of Iowa at the time of the contract. While Schleisman d/b/a Bob's Tire and Auto Service was a resident in 1979 at the time of the original contract, he sold the business in March 1984. After that time Safemark continued the retailer and service arrangement with the new owner Lowell Ford Ltd. d/b/a Bob's Tire and Auto Service. Safemark had ample actual knowledge that Schleisman was no longer involved in the business, that Lowell had purchased the business, and that Lowell was the party paying for Safemark products. This suit arises out of charges made on the open account during the time Lowell owned Bob's Tire and Auto Service, not Schleisman.

We find these contacts insufficient to confer jurisdiction over the defendant Schleisman. We conclude they offend fair play and substantial justice. We therefore affirm the trial court's dismissal of this action on the basis of lack of jurisdiction.

AFFIRMED.